HALL, Acting Chief Judge.
Lois B. Sachsenmaier appeals from the final judgment of dissolution of marriage. She contends that the trial court erred in awarding her rehabilitative alimony instead of permanent periodic alimony. We agree.
The record reflects that the parties were married on November 23, 1965, and separated in January 1984. At the time their marriage was dissolved, the parties had been separated for three years. During the period of separation, the husband made all payments on the parties’ home, including a mortgage payment of $1058 per month and taxes. Also he gave the wife approximately $100 in cash per week for expenses, paid approximately $240 per month for groceries for the wife and children, and paid the schooling expenses of the parties’ two minor children, one of whom attended private school.
The husband was employed by Sachsen-maier Caretaking. He was furnished a car and gas and was paid a gross salary of $2200 per month. He owned 225 shares of stock in Saxon Groves, Inc., a family corporation, and an interest in Sachsenmaier Caretaking, valued at $1,132,920. The balance of the shares of stock in the corporation was either held in a family trust or owned by other members of the husband’s family. The assets of the corporation consisted of 325 acres of groves and an additional 700 acres of unimproved property. The only income producing asset of the corporation, the grove property, was in poor condition because of prior freezes and was not reflecting a profit. The wife recognizes that these are assets derived from the husband’s family and does not claim any interest therein.
Although the husband’s financial affidavit indicates the receipt of several real estate commissions, those commissions are not an indication of potential future income because the husband is not actively engaged in the sale of real estate. Those commissions were earned upon the sale of property owned by his family, and the family does not contemplate the sale of any other property.
During the period that the parties were separated, the wife worked part-time and, at the husband’s insistence, deposited her earnings in the amount of $9,222.61 in her separate bank account. The wife is presently a part-time student in nursing school and expects to graduate with a degree in nursing in June 1988. She testified that her income potential as a registered nurse would be $300 to $400 per week.
The trial court divided the balance of the parties assets equally, including the family home, which was valued at approximately $140,000 and was subject to a $99,000 mortgage. The husband was ordered to maintain medical insurance on the children, pay the mortgage payments, taxes and insurance on the marital home, $600 per month as child support, and $500 per month for a period of twenty-four months as rehabilitative alimony.
In spite of the high value of the husband’s assets, the husband’s actual income is limited and his present financial abilities will not permit both parties to maintain their previous lifestyle. In view of the parties’ resources, we believe that the amount of the monthly award of support to the wife is fair and equitable. However, as counsel for the wife contends, the failure to *1276 award permanent periodic alimony to the wife was an abuse of discretion.
In Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980), the supreme court stated that “the two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds.” In Firestone v. Firestone, 263 So.2d 223 (Fla.1972), the court further stated: “In reaching a determination of ‘ability to pay,’ the husband’s income alone is not the only factor for review. Among other things, consideration should be given to the husband’s capital assets.” See also Sisson v. Sisson, 336 So.2d 1129 (Fla.1976).
The two primary elements set forth in Canakaris are present in the instant case. First, it is evident from the record that the wife, even after completion of her schooling and future employment as a registered nurse, will not be financially able to support herself as she was supported during the marriage without some amount of permanent alimony. Second, even though the husband’s income is limited at the present time, his capital assets are certainly sufficient to show an ability to provide the necessary funds. In addition thereto, we note that he has not cross-appealed the amount awarded as rehabilitative alimony.
After a consideration of these factors and the length of the marriage we find that the wife should have been awarded permanent periodic alimony, and we remand this cause to the trial court with directions to vacate the award of rehabilitative alimony and, in lieu thereof, to enter an award of permanent periodic alimony in the same monthly amount as previously designated for rehabilitative alimony.
Affirmed in all other respects.
THREADGILL and PARKER, JJ., concur.