ZEHMER, Judge.
Gailyn Wheeler appeals the trial court’s dismissal of her claim for damages resulting from the loss of use of her vehicle during forfeiture proceedings. Wheeler allowed friends to use her car one evening and the Blountstown police seized it after finding cannabis in the trunk. Appellees, acting on behalf of the City of Blounts-town, instituted forfeiture proceedings pursuant to the Florida Contraband Forfeiture Act, sections 932.701-932.704, Florida Statutes (1985), and the trial court entered a judgment of forfeiture. On appeal that judgment was reversed on the ground that Wheeler neither knew nor should have known that her vehicle was being used to transport drugs. Wheeler v. State, 472 So.2d 847 (Fla. 1st DCA 1985). After mandate issued, the vehicle was returned to Wheeler.
Wheeler subsequently filed a civil suit for damages against appellees, alleging they had negligently stored the car and that the negligent storage resulted in substantial damage to it. She also alleged loss of use of her car during the period it had been seized and remained in appellees’ possession and during the period required for repair. Appellees filed a motion to dismiss the complaint. The trial court denied the motion in respect to the negligent damage claim, and the propriety of this ruling is not questioned on this appeal. The court dismissed Wheeler’s claim for loss of use during the forfeiture proceedings on the ground that appellees are immune from suit on such a claim. Wheeler now appeals that ruling.
We construe the appealed order as permitting Wheeler to recover damages for loss of use during the period of time the car was being repaired due to the negligent damage, but denying the claim for damages for the loss of use during the. forfeiture proceedings and ensuing appeal. As so construed we affirm on the authority of Morton v. Gardner, 513 So.2d 725 (Fla. 3d DCA 1987). Wheeler’s reliance on City of Miami Beach v. Bules, 479 So.2d 205 (Fla. 3d DCA 1985), is misplaced, for that decision cannot reasonably be interpreted to recognizé or create an action for loss of use resulting from a forfeiture action instituted in good faith. The instant complaint contains no allegations of bad faith on the part of appellees, and this is not a case in which the trial court initially ruled that the city had no basis for instituting the forfeiture proceeding.
In view of the increasing number of forfeiture cases statewide and the obvious importance of resolving with finality the extent of a governmental agency’s liability for wrongful forfeiture, we certify to the supreme court, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), the following question of great public importance:
Is a governmental agency liable to an owner for loss of use of his vehicle during forfeiture proceedings when the forfeiture is held to be unlawful upon appellate review?
AFFIRMED.
BOOTH and WIGGINTON, JJ., concur.