546 So.2d 723 (1989)
Gailyn W. WHEELER, Petitioner,
v.
Finlay CORBIN, etc., et al., Respondents.
No. 72922.
Supreme Court of Florida.
July 20, 1989.
*724 Rhonda S. Martinec of Daniel, Komarek & Martinec, Chartered, Panama City, for petitioner.
H. Hentz McClellan of McClellan & House, P.A., Blountstown, and Frank A. Baker, Marianna, for respondents.
Enoch J. Whitney, Gen. Counsel, and Judson M. Chapman, Asst. Gen. Counsel, Tallahassee, amicus curiae for Florida Dept. of Highway Safety and Motor Vehicles.
BARKETT, Justice.
We have for review Wheeler v. Corbin, 528 So.2d 954, 955 (Fla. 1st DCA 1988), in which the district court certified the following question to be of great public importance:[1]
Is a governmental agency liable to an owner for loss of use of his vehicle during forfeiture proceedings when the forfeiture is held to be unlawful upon appellate review?
Wheeler asserts that the governmental agency is liable in tort[2] under these circumstances. We disagree and therefore answer the certified question in this context in the negative.
Wheeler loaned her 1977 Pontiac Bonneville to her longtime friend, who in turn allowed her husband to borrow the car. He was later arrested and police seized the car after discovering marijuana in the trunk. The state initiated forfeiture proceedings and the circuit court entered a judgment of forfeiture.[3]
The district court in Wheeler v. State, 472 So.2d 847, 849 (Fla. 1st DCA 1985), reversed the judgment of forfeiture. It found under section 932.703(2), Florida Statutes (1985), that Wheeler "neither knew nor should have known" of the illegal use and that the forfeiture therefore was improper.
Wheeler sought damages in the circuit court against respondents, mayor and police chief, for the cost to repair her car and for loss of use during the 524 days of impoundment. The circuit court denied respondents' motion to dismiss Wheeler's claim for negligent storage but granted the motion on the claim for loss of use. Wheeler *725 appealed and the district court affirmed. Wheeler, 528 So.2d at 954.
Wheeler relies upon City of Miami Beach v. Bules, 479 So.2d 205 (Fla. 3d DCA 1985), to support her claim for loss of use. There, the district court found that the owner of an outboard runabout which the City seized in a forfeiture action was entitled to compensation for loss of use during the pendency of appeal proceedings. Significantly, the district court concluded that such compensation was "clearly contemplated by the terms of the trial court's order" granting a stay and that such compensation was in the nature of a supersedeas. Bules, 479 So.2d at 206. Since the circuit court below imposed no such condition in its order granting a stay, Bules is inapplicable.
Wheeler's claim is analogous to a cause of action for malicious prosecution. To prevail in an action for malicious prosecution, the claimant must prove that there was an absence of probable cause to initiate proceedings. Burns v. GCC Beverages, Inc., 502 So.2d 1217, 1218 (Fla. 1986). Here, Wheeler conceded that respondents had probable cause to seize her car as contraband under section 932.703.
For these reasons, we answer the certified question in the negative and approve the decision of the district court.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
EHRLICH, C.J., concurs specially with an opinion.
EHRLICH, Chief Justice, concurring specially.
I agree that this claim is comparable to malicious prosecution, and that the standard should be the same.
The forfeiture process is analogous to that of arrest, i.e., it is a seizure of property (rather than of the person) for the purpose of controlling crime. In order to successfully challenge an arrest in an action for malicious prosecution, the claimant must prove both the absence of probable cause and good faith. Burns v. GCC Beverages, Inc., 502 So.2d 1217 (Fla. 1986). The subsequent acquittal of the defendant does not retroactively invalidate the arrest. Otherwise, "a public officer who instituted criminal proceedings would be liable in damages for malicious prosecution if the person against whom the proceedings were brought were acquitted. Such a state of affairs would be detrimental to the public interest, since public officers would be discouraged from performing their duties conscientiously." Sponder v. Brickman, 214 So.2d 631, 632 (Fla. 3d DCA 1968).
As the Third District Court noted in Morton v. Gardner, 513 So.2d 725, 728 (Fla. 3d DCA 1987), review denied, 525 So.2d 879 (Fla.), cert. denied, ___ U.S. ___, 109 S.Ct. 305, 102 L.Ed.2d 324 (1988), the forfeiture process also
has two steps: (1) seizure, the validity of which depends on the presence of probable cause to believe that the property seized was being used in violation of the Act, and (2) forfeiture, the validity of which depends on a finding that the property seized was in fact being used in violation of the Act and is thus forfeitable.
(Emphasis added.) As with the arrest of a person, the seizure of property under the forfeiture act must be based on probable cause. See id. Section 932.704(1), Florida Statutes (1985), states that following a seizure, the state "shall promptly proceed against the contraband ... by rule to show cause." Therefore, in Florida, no forfeiture action may proceed without a judicial determination that probable cause existed to seize the property. As with an arrest, the subsequent determination in the forfeiture proceeding that the property was not in fact being used in violation of the forfeiture act does not retroactively invalidate the seizure itself. Accord Morton, 513 So.2d at 729. Loss of use of property is the natural and necessary consequence of its seizure by the government. If a governmental agency acts upon probable cause and in good faith in seizing property pursuant to the Florida Contraband Forfeiture Act, it cannot be held liable for the loss of *726 use of the property any more than it can be held liable for the deprivation of liberty inherent in the detention following arrest of a person alleged to have committed a crime. In this case, Wheeler conceded that the Blountstown police had probable cause to seize her car. I therefore concur that the city may not be held liable for Wheeler's loss of use of that vehicle during the forfeiture proceedings.
NOTES
[1] Our jurisdiction is discretionary. Art. V, § 3(b)(4), Fla. Const.
[2] At oral argument, Wheeler specifically stated that she does not raise any constitutional claim. The claim raised in her brief sounds exclusively in tort.
[3] The Florida Contraband Forfeiture Act, provides in part:

Any ... motor vehicle ... which has been or is being used in violation of any provision of s. 932.702 ... may be seized and shall be forfeited subject to the provisions of this act. All rights and interest in and title to [such motor vehicle] ... shall immediately vest in the state upon seizure by a law enforcement agency, subject only to perfection of title, rights, and interests in accordance with this act... .
§ 932.703(1), Fla. Stat. (1985).