PER CURIAM.
After dismissal of Appellees’ forfeiture action was affirmed on appeal, State Dep’t of Highway Safety and Motor Vehicles v. Metiver, 684 So.2d 204 (Fla. 4th DCA 1996), Appellants sought attorney’s fees pursuant to § 932.704(10), Fla.Stat. (1995). That statute provides, in relevant part, that a successful claimant in a forfeiture proceeding is entitled to reasonable trial attorney’s fees “if the court finds that the seizing agency has not proceeded at any stage in the proceedings in good faith or that the agency’s action which precipitated the forfeiture proceedings was a gross abuse of the agency’s discretion.” § 932.704(10), Fla.Stat.
The trial court found good faith and that the department had not grossly abused its discretion in precipitating the forfeiture. Thereupon, it declined to award attorney’s fees to Appellants, with the exception of fees for three hours spent litigating an issue in which it found Appellees had no reasonable basis to argue. We hold that the trial court’s findings were not an abuse of discretion. Cf. Hernandez v. Leiva, 391 So.2d 292 (Fla. 3d DCA 1980); Sanderlen v. State, 590 So.2d 18 (Fla. 4th DCA 1991). Accordingly, we affirm. Cf. Stuart Yacht Club & Marina, Inc. v. State, Dep’t of Natural Resources, 625 So.2d 1263 (Fla. 4th DCA 1993) (attorney’s fees denied under § 120.57(l)(b)10, Fla.Stat. (1993), where some agency action was incorrect, but not flagrant or inexcusable).
*1171 As to all other issues argued, we also affirm.
STONE, C.J., KLEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.