QUINCE, PEGGY A., Associate Judge.
Wayne Paint Company challenges the denial of its motion for attorney’s fees. We reverse because we find that Wayne Paint Company was a prevailing party entitled to its fees.
This case involves a condominium unit located at the Gulfview Apartments on Marco Island, Florida. In conjunction with its attempt to modify its by-laws, Gulfview Apartments of Marco Island (Gulfview) sought judicial intervention to dissolve or modify an injunction which identified Wayne Paint Company’s ownership interest in the subject condominium. The trial court denied Gulfview’s motion, finding that Gulfview was without authority to change Wayne Paint Company’s ownership interest in the subject property via amendment of its by-laws. The court also found that it was without authority to modify the previous judge’s findings with regard to the property.
After the trial court’s denial of Gulf-view’s motion, Wayne Paint Company moved for its attorney’s fees pursuant to both the condominium agreement and section 718.303(1), Florida Statutes (1995), *1260 based on its status as a prevailing party. The judge who heard Wayne Paint Company’s motion for attorney’s fees was not the judge who presided over the trial on Gulf-view’s motion to dissolve or modify an injunction. The new judge denied attorney’s fees after concluding that neither party prevailed for purposes of attorney’s fees.
Section 718.303(1) provides that unit owners and associations may bring actions for damages, injunctive relief, or both, and that:
The prevailing party in any such action ... is entitled to recover reasonable attorney’s fees. A unit owner prevailing in an action between the Association and the unit owner under this section, in addition to recovering his or her reasonable attorney’s fees, may recover • additional amounts as determined by the court to be necessary to reimburse the unit owner for his or her share of assessments levied by the association to fund its expenses of the litigation.[1]
The “prevailing party” for the purpose of determining an entitlement to attorney’s fees is “the party prevailing on the significant issues in this litigation.” Moritz v. Hoyt Enters., 604 So.2d 807 (Fla.1992); Florida Power & Light Co. v. Polackwich, 705 So.2d 23 (Fla. 2d DCA 1997). The “significant issue” in this case was the continued viability of the previously entered injunction. Gulfview failed in its attempt to modify or dissolve the injunction. We find that Wayne Paint Company was the prevailing party and, as such, is entitled to its fees. Wayne Paint Company is also entitled to its fees for its pursuit of its claim before this court.
We, therefore, reverse the trial court’s denial of attorney’s fees to Wayne Paint Company and remand for determination of the amount.
WHATLEY, A.C.J., and CASANUEVA, J., Concur.

. Similarly, Section 19.3 of the agreement between the parties provides:
19.3 Attorney’s Fees. In any legal proceeding arising out of an alleged failure of a tenant, unit owner or the Association to comply with the requirements of the Condominium Act or the condominium documents, as they may be amended from time to time, the prevailing party shall be entitled to recover the costs of the proceeding and such reasonable attorney's fees as may be awarded by the court.