W. SHARP, J.
Carole Gay appeals from an order of the trial court which denied her motion for attorney’s fees in a forfeiture proceeding filed pursuant to subsection 932.704(10), Florida Statutes (1997), following Sheriff Kevin Beary’s (the Sheriffs) voluntary dismissal of the civil forfeiture suit against her. The Sheriff cross-appeals the trial court’s award of interest to Gay, made pursuant to subsection 932.740(9)(b), Florida Statutes (1997). We affirm both rulings.
This is the second appearance of this cause in our court and to the extent the prior ruling is relevant to the issues presented here, it is the “law of the case.” In the first appeal, Beary v. Gay, 732 So.2d 478 (Fla. 5th DCA 1999), we reversed a summary judgment which had been entered in favor of Gay on the issue of whether the record created disputed issues of fact about the existence of a nexus between the money that was sought to be forfeited and illegal drug activity. We concluded that a sufficient nexus had been shown to overcome Gay’s summary judgment motion and we remanded for further proceedings:
The instant record reveals that a sheriffs deputy stopped the car in which Ms. Gay was traveling for speeding on the Florida Turnpike. The deputy questioned both the respondent and the woman driver, and the women gave inconsistent stories regarding their destination. Both women denied carrying illegal drugs or a large sum of money. The deputy called for a canine unit. Upon arrival, the dog alerted on a brown leather bag located on the rear seat of the car. Ms. Gay said the bag was hers and that it contained approximately $8,500. The bag actually contained $8,380 wrapped in nine separate bundles. Each bundle contained $1,000. This packaging placed the deputies on notice that the money might be involved in the illegal drug trade. Ms. Gay explained her earlier answer to the deputy that she was not carrying a large sum of money by stating that she did not think $8,500 was a large sum of money.
Before the deputies searched the vehicle, they placed Ms. Gay and the driver in the rear seat of a patrol car which was equipped with a recording device. While in the patrol car the women engaged in a conversation which was recorded. They discussed various stories they might tell the police concerning the money and their intentions. During their conversation, the women made several arguably incriminating statements but did not make any direct statement that they were involved in illegal drug activity. No other contraband was retrieved from the vehicle.
After searching the car, the deputy questioned Ms. Gay further. She stated that her friend Mike had loaned her $5,000 of the money and that the rest was hers. She explained that she intended to use the money to purchase perfumes to sell at an Orlando flea market. She later told a deputy that Mike had given her the money to purchase blankets for resale. Ms. Gay gave the deputy Mike’s pager number. The deputy paged Mike and he returned the call. Upon questioning over the phone, Mike first denied knowing Ms. Gay, but later admitted knowing her and said that he had given her $5,000 to buy jewelry in Miami. When the deputy told Mike that the money would be seized and forfeited, Mike did not express any interest in getting the money back.
The Sheriff filed a complaint seeking forfeiture of the money alleging that the money was contraband. The complaint alleged that Ms. Gay and Mike were persons who may possess an interest in the money. Mike failed to file a paper in the action and a default was entered against him. However, Ms. Gay filed an *1244 answer denying that forfeiture was warranted. Ms. Gay later filed a motion for summary judgment in which she requested the trial court to set aside the seizure and return the money to her. The trial court conducted a hearing on the motion. The court considered sworn testimony summarized above as well as Ms. Gay’s denial that the money was contraband. The trial court then granted the motion and entered summary judgment against the Sheriff.
After the case was remanded, the Sheriff elected not to proceed to trial and he voluntarily dismissed the forfeiture action. Thereafter, Gay moved for an award of attorney’s fees, costs and interest pursuant to subsection 932.704(10) and (9)(b), and Florida Rule of Civil Procedure 1.420. Although Gay argues she is also entitled to an award of attorney’s fees pursuant to section 57.105, she did not file a motion requesting an award of fees pursuant to that statute, nor did she make such a request at the hearing on fees. Thus, we do not consider whether she would have been entitled to fees on that basis. E.g., United Pacific Ins. Co. v. Berryhill, 620 So.2d 1077 (Fla. 5th DCA 1993).
Subsection 932.704(10), Florida Statutes (1997) provides:
When the claimant prevails, at the close of the forfeiture proceedings and any appeal, the court shall award reasonable trial attorney’s fees and costs to the claimant if the court finds that the seizing agency has not proceeded at any stage in the proceedings in good faith or that the agency’s action which precipitated the forfeiture proceedings was a gross abuse of the agency’s discretion.
The Sheriff argues that no fees should be awarded in this case because the forfeiture proceeding never reached the trial stage and thus, no “trial” attorney’s fees are awardable. We disagree. There is no precedent on this point, but we think the obvious intent of the Legislature in passing this law was to make claimants of wrongfully seized property whole, by requiring the seizing agency which brought a baseless forfeiture proceeding to compensate the owner of the property for reasonably expended attorney’s fees and costs necessary to regain the property seized. Many cases end before the trial, but preparation for trial is necessary and it requires time and effort be expended by counsel. It would be contrary to the remedial intent of the statute to give it the limited reading suggested by the Sheriff.
In addition, the Sheriff argues that Gay was not a “prevailing party,” entitled to fees under the statute. Again, there is no precedent one way or the other on this point. We opt for the view taken with regard to attorney’s fee awards under other statutes and in contract cases.[1] Under appropriate circumstances, after the Sheriff takes a voluntary dismissal of a forfeiture suit, the claimant may be awarded attorney’s fees as a “prevailing” party.
The trial court denied Gay’s request for attorney’s fees based on subsection 932.704(10). The trial court essentially found that the Sheriffs Department had acted in good faith and that it had not grossly abused its discretion in precipitating the forfeiture proceeding.
If the trial court’s ruling—absence of bad faith and no gross abuse of discretion in precipitating the forfeiture action'— is supported by competent evidence, we, as the appellate court, must affirm. See Metiver v. State, Dept. of Highway Safety and Motor Vehicles, 720 So.2d 1170 (Fla. 4th DCA 1998). The same evidence recited above (which has become the law of the case, and .which we found precluded entry of summary judgment in Gay’s favor on the issue of a nexus between the money and illegal drug dealing), supports the trial *1245 court’s finding that the Sheriffs Department acted in good faith in seizing the money and filing the forfeiture suit.
With regard to the cross-appeal, the Sheriff argues Gay is not entitled to an award of interest, pursuant to subsection 932.704(9)(b) because the money held and seized was not “income-producing property.” Gay, on the other hand, argues that she should have been awarded prejudgment interest at 10% pursuant to section 55.03. Subsection 932.704(9)(b), Florida Statutes, provides in pertinent part:
The trial court shall ... require the seizing agency to pay to the claimant any loss of income directly attributed to the continued seizure of income-producing property during the trial or appellate process.
The trial court found that the money seized in this action constituted “income producing property,” and calculated Gay’s award of interest as follows: “[T]he average rate of interest which would have otherwise accrued had such monies been placed in the Sheriffs interest-bearing account from the date such monies were requested to be placed into such account until the voluntary dismissal in this matter.” Shortly after this forfeiture proceeding commenced, Gay moved the court to require the Sheriff to place the seized currency in an interest-bearing account during the pendency of the forfeiture proceeding, pursuant to subsection 932.703(l)(c), Florida Statutes. See also § 932.703(2)(d), Fla. Stat. (1997). Gay ‘s motion did not specify an interest rate, nor did it specify how a higher rate of return could be obtained for the seized money, other than what it would earn in an interest-bearing account.
The Sheriff points to family law cases,[2] for the principle that cash is not income-producing and interest should not be awarded to compensate a party for withholding it over a period of time. Even if family law cases are relevant to this area of the law, we respectfully disagree with the principle, and note there are many family law cases which do take into account interest in computing equitable distribution awards.[3] Normally, a person does not put his or her cash in a jar and bury it. At the very least, they put their cash in an interest-bearing account of some nature.
An award of interest computed on the basis of the value of the money seized over the time period of its seizure, is warranted under subsection 937.704(9)(b) in order to make the claimant “whole.” The rate of interest or amount of income awardable under this provision should vary with the nature of the income-producing property seized, and the evidence presented to the court.
In this case, Gay was awarded the interest rate she requested and proposed in her motion. Thus, under these circumstances, we think the trial court ruled correctly and did not abuse its discretion. We do not think Gay is entitled to the 10% rate set pursuant to section 55.03. Subsection 932.704(9)(b) makes no reference to that provision and section 55.03 applies expressly and literally to “judgments obtained against a party” — not property held pending completion of forfeiture proceedings. We further find that interest or income under subsection 932.704(9)(b) should be calculated as beginning to run or accrue, on the date the forfeiture proceedings commence — not the date a motion is filed in the proceedings to mitigate damages. Gay did not advance this argument and, in this case, recalculating of interest from the date forfeiture *1246 commenced would produce a de minimus difference. Thus, we affirm the judgment appealed, in toto.
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.

. E.g., Heina v. LaChucua Paso Fino Horse Farm, Inc., 752 So.2d 630 (Fla. 5th DCA 1999); Wayne Paint Co. v. Gulfview Apts. of Marco Island, Inc., 739 So.2d 1259 (Fla. 2d DCA 1999).

. Adkins v. Adkins, 650 So.2d 61 (Fla. 3d DCA 1994); Cloud v. Cloud, 586 So.2d 492 (Fla. 1st DCA 1991); Sachsenmaier v. Sachsenmaier, 523 So.2d 1274 (Fla. 2d DCA 1988); Bianco v. Bianco, 383 So.2d 1120 (Fla. 4th DCA 1980).

. See, e.g., Catalfumo v. Catalfumo, 704 So.2d 1095 (Fla. 4th DCA 1997).