881 So.2d 641 (2004)
Edward R. COX, Appellant,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellee.
No. 5D03-3553.
District Court of Appeal of Florida, Fifth District.
August 13, 2004.
*642 Sam Baxter Bardwell, of Sam Baxter Bardwell, P.A., Titusville, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Charles M. Fahlbusch, Fort Lauderdale, for Appellee.
GRIFFIN, J.
Edward W. Cox ["Cox"] appeals an order dismissing a forfeiture action with prejudice.
On October 31, 2002, Michelle Lee Villanti ["Villanti"], while driving a 2000 Ford F150 truck owned by Cox, was involved in a crash. Villanti failed the roadside sobriety tests. In addition, the officer determined that Villanti's license had been suspended for a prior DUI and had never been reinstated. Villanti was arrested, and Cox's truck was seized.
The Florida Department of Highway Safety and Motor Vehicles ["DHSMV"] filed a complaint seeking forfeiture of Cox's vehicle pursuant to the "Florida Contraband Forfeiture Act," sections 932.701-932.707, Florida Statutes, and section *643 322.34(9), Florida Statutes (2001).[1] Attached to the complaint was a verified affidavit from the arresting officer, which included a statement, made by Villanti shortly after the crash, that Cox knew that her license had been suspended for DUI "a long time ago," but Cox still "gives her the keys."
Cox exercised his right to an adversarial preliminary hearing, but no transcript of the hearing is contained in the record on appeal. In the order issued on November 18, 2002, the court found, based on the court's review of the complaint and the attached supporting affidavit, that the seizure was supported by probable cause.
Following entry of the order finding probable cause, Cox was granted leave to file an amended answer and counterclaim. As affirmative defenses, he asserted that the DHSMV had failed to act in "good faith" and had engaged in a "gross abuse" of its discretion. He also counterclaimed for damages, alleging that the DHSMV knew or should have known it had no "admissible evidence" to support its forfeiture complaint because an investigation would have revealed that Villanti had taken Cox's truck without his knowledge or permission. It further alleged that Cox had little or no equity in the truck at the time of the seizure due to a lien in favor of Citrus Bank. Based on these allegations, Cox asserted that he was entitled to recover:
damages including, but not limited to the fair rental value of his vehicle since the date of seizure, the diminution in market value caused by the passage of time during the seizure and retention of his vehicle, damages relating to any deterioration or damage to the vehicle while being seized and retained by the FLORIDA DEPARTMENT OF MOTOR VEHICLES & HIGHWAY SAFETY, costs of this action, and attorney's fees, pursuant to Section 57.105 and Section 932.704, Florida Statutes.

The DHSMV filed a motion to dismiss the counterclaim. The court entered an order dismissing Cox's counterclaim, explaining:
1. That any action for damages is premature until the merits of the forfeiture action are decided.
2. On authority of Wheeler v. Corbin, 546 So.2d 723 (Fla.1989), damages are not recoverable for loss of use as a consequence of seizure by a government agency.
3. The Respondent's Counterclaim is not a compulsory Counterclaim.

(Emphasis added).
Nine days later, the DHSMV dismissed the main forfeiture action with prejudice. Cox objected to the dismissal and, at a hearing on Cox's objection, the court seemingly agreed that Florida Rule of Civil Procedure 1.420(b) required the court to approve the dismissal. The DHSMV argued that the case should be dismissed because the truck had been returned to the lienholder, which had issued an affidavit of repossession under section 319.28, Florida Statutes (2002). Cox replied that returning the truck to the lienholder was not an option under the forfeiture statute, which required the DHSMV to either return the truck to him or retain the truck and pay off the lienholder. He claimed *644 that he had "paid every nickel that is due" and had kept the truck insured. He contended that he was entitled to "a day in court" to show the repossession was wrongful and that discovery was necessary to show that the seizing agency had proceeded in bad faith or had grossly abused its discretion. In granting the motion to dismiss with prejudice, the trial court seemingly relied on the counterclaim being permissive.
Cox first argues that the complaint and verified affidavit were insufficient to support the preliminary finding that there was probable cause for the seizure. We reject this claim because the affidavit was sufficient. The question of whether probable cause exists "involves the question of whether the information relied upon by the state is adequate and sufficiently reliable to warrant the belief by a reasonable person that a violation had occurred." Medious v. Department of Highway Safety & Motor Vehicles, 534 So.2d 729, 732 (Fla. 5th DCA 1988) (quoting Lobo v. Metro-Dade Police Dep't, 505 So.2d 621, 623 (Fla. 3d DCA 1987)). Here, according to the affidavit, Villanti had admitted to the seizing officer shortly after the crash that Cox knew that her license had been suspended for DUI "a long time ago," but Cox still "gives her the keys." Allowing Villanti to drive his truck knowing she had no license is a misdemeanor of the second degree. See § 322.36, Fla. Stat (1991).[2]
Cox next urges that the trial court erred by dismissing his counterclaim for damages. He asserts that the counterclaim was compulsory under section 932.704(9), Florida Statutes (2001). He further asserts that his damage claim is not precluded by Wheeler v. Corbin, 546 So.2d 723 (Fla.1989), which indicated that loss of use damages are not available in tort actions involving a forfeiture.
The right to damages in a case involving wrongful forfeiture is controlled by section 932.704, Florida Statutes (2001):
(9)(a) When the claimant prevails at the conclusion of the forfeiture proceeding, if the seizing agency decides not to appeal, the seized property shall be released immediately to the person entitled to possession of the property as determined by the court. Under such circumstances, the seizing agency shall not assess any towing charges, storage fees, administrative costs, or maintenance costs against the claimant with respect to the seized property or the forfeiture proceeding.
(b) When the claimant prevails at the conclusion of the forfeiture proceeding, any decision to appeal must be made by the chief administrative official of the seizing agency, or his or her designee. The trial court shall require the seizing agency to pay to the claimant the reasonable loss of value of the seized property when the claimant prevails at trial or on appeal and the seizing agency retained the seized property during the trial or appellate process. The trial court shall also require the seizing agency to pay to the claimant any loss of income directly attributed to the continued seizure of income-producing property during the trial or appellate process. If the claimant prevails on appeal, the seizing agency shall immediately release the seized property to the person entitled to possession of the property as determined by the court, pay any cost as assessed by the court, and may not assess any towing charges, storage fees, *645 administrative costs, or maintenance costs against the claimant with respect to the seized property or the forfeiture proceeding.
(10) The court shall award reasonable attorney's fees and costs, up to a limit of $1,000, to the claimant at the close of the adversarial preliminary hearing if the court makes a finding of no probable cause. When the claimant prevails, at the close of forfeiture proceedings and any appeal, the court shall award reasonable trial attorney's fees and costs to the claimant if the court finds that the seizing agency has not proceeded at any stage of the proceedings in good faith or that the seizing agency's action which precipitated the forfeiture proceedings was a gross abuse of the agency's discretion. The court may order the seizing agency to pay the awarded attorney's fees and costs from the appropriate contraband forfeiture trust fund. Nothing in this subsection precludes any party from electing to seek attorney's fees and costs under chapter 57 or other applicable law.
Id. (emphasis added). This court has previously held that an action for damages under this statute must be brought within the original forfeiture proceeding or the claim is waived. See, e.g., Pondella Hall for Hire v. Croft, 844 So.2d 696 (Fla. 5th DCA 2003) (claimant forfeited right to damages under Chapter 932 when it failed to avail itself of mechanism provided for in statute during pendency of action).
The counterclaim filed by Cox was based on the contention that the DHSMV knew or should have known it had no "admissible evidence" to support its forfeiture complaint, because an investigation would have revealed that Villanti had taken Cox's truck without his knowledge or permission. It further alleged that Cox had little or no equity in the truck at the time of the seizure due to a lien in favor of Citrus Bank. The "counterclaim" sought as damages:
the fair rental value of his vehicle since the date of seizure, the diminution in market value caused by the passage of time during the seizure and retention of his vehicle, damages relating to any deterioration or damage to the vehicle while being seized and retained by the FLORIDA DEPARTMENT OF MOTOR VEHICLES & HIGHWAY SAFETY, costs of this action, and attorney's fees, pursuant to Section 57.105 and Section 932.704, Florida Statutes.

Insofar as Cox seeks to recover the "fair rental value" of his vehicle since the date of seizure, the recovery of these damages is not authorized by chapter 932. Such damages also appear to be the equivalent of the "loss of use" damages which the court found could not be recovered by a claimant in a forfeiture action in Wheeler. In Wheeler, the claimant sought damages against the mayor and police chief for the wrongful seizure of her vehicle, once that seizure was determined to be wrongful on appeal. The trial court dismissed her claim for loss of use[3] and the supreme court affirmed. The court explained that:
Wheeler's claim [for loss of use damages during the impoundment] is analogous to a cause of action for malicious prosecution. To prevail in an action for malicious prosecution, the claimant must prove that there was an absence of probable cause to initiate proceedings. Burns v. GCC Beverages, Inc., 502 So.2d 1217, 1218 (Fla.1986). Here, Wheeler conceded that respondents had probable cause to seize her car as contraband under section 932.703.
*646 Id. 546 So.2d at 725. In this case, although Cox does not concede it, we have determined that the seizure was in fact supported by probable cause.
Nonetheless, at least some of Cox's remaining claims do appear to be authorized by section 932.704(9)(b), Florida Statutes (2001). Under the statute, Cox may be considered a "prevailing party" even though the seizing agency dismissed the action. Gay v. Beary, 758 So.2d 1242 (Fla. 5th DCA 2000). The statute permits the recovery of "the reasonable loss of value of the seized property when the claimant prevails at trial or on appeal and the seizing agency retained the seized property during the trial or appellate process." § 932.704(9)(b), Fla. Stat.
The DHSMV contends that Cox has waived his right to recover damages and fees under Chapter 932 by taking inconsistent positions regarding his right to maintain an independent action for wrongful seizure. This argument is based on a statement made by the trial court at the hearing on Cox's objections to dismissal that Cox had previously stated that the counterclaim was permissive. We do not have this statement in the record, but assuming this was said, confusion on this issue is understandable because of uncertain case law concerning the availability of an independent action. In any event, our Pondella Hall for Hire case clarified the status of a section 932.704 claim.
The DHSMV also argues that Cox's claim for fees and damages is moot because Cox's truck has been repossessed by the lender. The fact may limit damages but does not necessarily eliminate them.
Here, the court gave approval for the DHSMV to voluntarily dismiss the forfeiture action, but it was error to dismiss the entire action with prejudice. Cox should have an opportunity to replead to try to state a cause of action under section 932.704, Florida Statutes (2001).
REVERSED and REMANDED.
PETERSON and ORFINGER, JJ., concur.
NOTES
[1] Section 322.34(9), Florida Statutes (2001), states:

(9)(a) A motor vehicle that is driven by a person under the influence of alcohol or drugs in violation of s. 316.193 is subject to seizure and forfeiture under ss. 932.701-932.707 and is subject to liens for recovering, towing, or storing vehicles under s. 713.78 if, at the time of the offense, the person's driver's license is suspended, revoked, or canceled as a result of a prior conviction for driving under the influence.
[2] We also note that no transcript of the adversarial hearing was provided in the record on appeal.
[3] Still pending was a claim for damages for negligent storage.