NORTHCUTT, Judge.
Michelle Gonzalez and 1st Medical Group, LLC, appeal a final order determining that they were not entitled to seek compensation for loss of income and loss of value after the City of Tampa Police Department seized their currency without probable cause. We reverse.
The issue on appeal is narrow, and our record is limited. The underlying facts have been provided by the parties and are not generally disputed. In 2010, the police seized $221,898 in U.S. currency from Gonzalez, Jorge Gonzalez-Betancourt, and 1st Medical. On motion pursuant to the Florida Contraband Forfeiture Act, sections 932.701-.706, Florida Statutes (2010), the circuit court held an adversarial preliminary hearing to determine whether there was probable cause to believe that the *49 currency had been or was being used in violation of the Act. See § 9S2.703(2)(a). The court found that that there was no probable cause to support the seizure, and its ruling was affirmed on appeal. City of Tampa v. Gonzalez (In re Forfeiture of $221,898), 64 So.3d 683 (Fla. 2d DCA 2011) (table decision).
Thereafter, Gonzalez and 1st Medical filed motions to obtain the release of the seized property and to be compensated for the reasonable loss of value and loss of income from the seized property.[1] At a subsequent hearing, the City reported that it had been served with an Internal Revenue Service tax hen and levy and that it had released the currency to the U.S. Treasury. The court ruled that this rendered moot the motion for release of the currency. The court also accepted the City’s argument that claims for loss of value and income are not cognizable until after a forfeiture trial, a stage that was never reached here because the case was resolved at the probable cause hearing. For that reason, the court held the claimants were not entitled to compensation for losses suffered as a result of the seizure.
The latter ruling was based on the court’s interpretation of a statute, a matter which we review de novo. See Velez v. Miami-Dade Cnty. Police Dep’t, 934 So.2d 1162, 1164 (Fla.2006). When construing a statute, the court’s purpose is to give effect to the legislature’s intent, which is discerned in the first instance from the statute’s language. Gomez v. Vill. of Pinecrest, 41 So.3d 180, 185 (Fla.2010). Because forfeitures are “harsh ex-actions” and generally are not favored in the law, forfeiture statutes must be strictly construed. Id. (quoting Dep’t of Law Enforcement v. Real Prop., 588 So.2d 957, 961 (Fla.1991)).
The Florida Supreme Court has held that under the scheme prescribed by the Forfeiture Act, “forfeiture proceedings” have two stages: a seizure stage and a forfeiture stage. Gomez, 41 So.3d at 184-85 (citing Velez, 934 So.2d at 1164). At the seizure stage, the circuit court determines whether there is probable cause to believe that the property has been used in violation of the Act. Velez, 934 So.2d at 1164 (citing § 932.701(2)®). Upon the timely request of a person entitled to notice, this determination is made at an adversarial preliminary hearing. § 732.703(2). Otherwise, the court independently reviews the seizing agency’s forfeiture petition and supporting affidavit to make a probable cause determination for the seizure. § 932.704(4)(b). If the court finds probable cause, it authorizes the seizure or continued seizure of the property. § 932.703(2)(c), (d). If the seizure is found to be supported by probable cause, the case proceeds to the. forfeiture stage, in which the seizing agency must prove to the court or jury that the owner of the seized property had actual or constructive knowledge that it was being used in violation of the Forfeiture Act. Gomez, 41 So.3d at 186. If so, the property is forfeited. § 932.704(8).
The specific statute at issue here, section 932.704(9), provides in subsection (a) that “[w]hen the claimant prevails at the conclusion of the forfeiture proceeding, if the seizing agency decides not to appeal, the seized property shall be released immediately to the person entitled to possession of the property as determined by the *50 court.” The next subsection provides as follows:
When the claimant prevails at the conclusion of the forfeiture proceeding, any decision to appeal must be made by the chief administrative official of the seizing agency, or his or her designee. The trial court shall require the seizing agency to pay to the claimant the reasonable loss of value of the seized property when the claimant prevails at trial or on appeal and the seizing agency retained the seized property during the trial or appellate process. The trial court shall also require the seizing agency to pay to the claimant any loss afincóme directly attributed to the continued seizure of income-producing property during the trial or appellate process. If the claimant prevails on appeal, the seizing agency shall immediately release the seized property to the person entitled to possession of the property as determined by the court, pay any cost as assessed by the court, and may not assess any towing charges, storage fees, administrative costs, or maintenance costs against the claimant with respect to the seized property or the forfeiture proceeding.
§ 982.704(9)(b) (emphasis added).
Gonzalez and 1st Medical, having prevailed at the probable cause hearing and then successfully defended that result on appeal, argue that their claims for loss of value and loss of income are authorized under this subsection because the City retained their property throughout the proceedings.[2] The City counters that the subsection applies only after the second stage of the forfeiture scheme, the forfeiture stage, which was never reached in this case. It bases this argument on the reference in the subsection’s first sentence to the “conclusion of the forfeiture proceeding.” The City points to the statute’s definition of “forfeiture proceeding” as “a hearing or trial in which the court or jury determines whether the subject property shall be forfeited.” § 932.701(2)(g).
The City’s argument overlooks that the circuit court’s ruling — that there was no probable cause for the seizure — necessarily determined the issue of “whether the subject property shall be forfeited.” As such, it constituted the conclusion of the forfeiture proceeding as contemplated in the statute. This rather sensible reading of the statute is consistent both with its strict language and with its application by the courts. Thus, in Cox v. Department of Highway Safety & Motor Vehicles, 881 So.2d 641 (Fla. 5th DCA 2004), the Fifth District held that when the seizing agency voluntarily dismissed its forfeiture action after a finding of probable cause, the property owner could be deemed to have prevailed in the forfeiture proceeding and could claim the reasonable loss of value under section 9S2.704(9)(b). Here, the forfeiture action concluded with a finding of no probable cause, a circumstance even more deserving of recompense. Cf. Wheeler v. Corbin, 546 So.2d 723 (Fla.1989) (stating, under previous version of forfeiture act, that claimant must prove absence of probable cause in order to recover damages; analogizing forfeiture to arrest and comparing damages claim to action for malicious prosecution).
In Gervais v. City of Melbourne, 890 So.2d 412 (Fla. 5th DCA 2004), the same court considered the automatic stay provision in Florida Rule of Appellate Procedure 9.310(b)(2) in the context of a seizing agency’s appeal from an order finding no *51 probable cause — the same procedural circumstance that gave rise to the claim in the instant case. The Fifth District explored the policy behind the automatic stay — that a bond from the state is not necessary because a litigant should have no concern about the state’s ability to pay the judgment if it loses — and noted that the Florida Contraband Forfeiture Act authorizes monetary relief if the property owner is ultimately successful. Id. at 414 (citing § 932.704(9)(b)). “Since the only losses that [the property owner] could incur are monetary, and since the statute specifically authorizes monetary relief if she is ultimately successful, it seems to us that the automatic stay rule must apply to civil forfeitures.” Id.-, cf. Tampa Sports Auth. v. Johnston, 914 So.2d 1076, 1082 (Fla. 2d DCA 2005) (“As the Gervais court observed, if the city lost the appeal Florida’s forfeiture law would require it to pay Gervais for the lost value of her property and the lost income she suffered as a result of being deprived of her property during the appeal.”).
We hold that claims for loss of value and loss of income were authorized by the plain language of the forfeiture statute when the claimants prevailed on appeal after a finding of no probable cause. We reverse the order denying the motion to determine damages under section 932.704(9)(b), and we remand for further proceedings.
Reversed and remanded.
ALTENBERND and DAVIS, JJ„ Concur.

. Jorge Gonzalez-Betancourt did not join in the motions and has not participated in this appeal.

. No evidence was taken at the hearing below, and we express no opinion on the factual support for the parties' claims, including assertions about the length of time the City retained the funds before releasing them pursuant to the tax lien.