NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


In re forfeiture of:                                )
2006 Pontiac Solstice, Identification   )
No. 1G2MB35B56Y115828, Tag J852AJ. )
                                                              )
                                                              )
ALLEN LEE UNDERWOOD,                 )
                                                              )
              Appellant,                             )
                                                              )
v.                                                            )          Case No. 2D15-2981
                                                              )
STATE OF FLORIDA, on behalf of       )
COUNTY OF PINELLAS, for the use and )
benefit of the Pinellas County Sheriff's )
Office,                                                   )
                                                              )
              Appellee.                              )
                                                              )

Opinion filed August 10, 2016.

Appeal from the Circuit Court for Pinellas
County; J. Thomas McGrady, Judge.

Charles M. Schropp and Charles P.
Schropp of Schropp Law Firm, P.A.,
Tampa; Jerry Theophilopoulos of The
Crow Law Group, Tarpon Springs, for
Appellant.

Shannon Kennedy Lockheart, General
Counsel, Largo, for Appellee.

WALLACE, Judge.

Allen Lee Underwood appeals a final order denying his amended motion for damages, costs, and attorney's fees following the voluntary dismissal by the Pinellas County Sheriff's Office (the PCSO) of a forfeiture proceeding involving a 2006 Pontiac Solstice owned by Mr. Underwood. We affirm but write to explain our holding and to point out what appears to be an inequity in the statutory scheme applicable to forfeiture proceedings in effect at the time of the underlying proceedings. We also certify conflict with the Fifth District's decision in Cox v. Department of Highway Safety & Motor Vehicles, 881 So. 2d 641 (Fla. 5th DCA 2004).

## I. THE FACTS

In connection with an investigation conducted by the PCSO, one of its detectives (the Detective) requested and obtained a search warrant to seize evidence related to the manufacture of marijuana at Mr. Underwood's residence. On December 14, 2010, detectives employed by the PCSO executed the warrant and seized evidence, including numerous firearms, growing marijuana plants, harvested marijuana, drug paraphernalia, and equipment and supplies commonly used to cultivate and harvest marijuana indoors. In addition, a "concealment container," holding a small amount of marijuana and rolling papers, was recovered from the front passenger seat of Mr. Underwood's vehicle. Detectives arrested Mr. Underwood for possession of a controlled substance with intent to sell and possession of a structure for the purpose of manufacturing marijuana. See §§ 893.13(1)(a)(2), .1351(2), Fla. Stat. (2010).

On December 15, 2010, detectives seized Mr. Underwood's 2006 Pontiac Solstice (the vehicle) under the Florida Contraband Forfeiture Act (the Act).[1]  The PCSO filed a complaint for forfeiture on January 26, 2011, alleging in part that the vehicle was "a contraband article as defined in [s]ection 937.701(2)(a), Florida Statutes [(2010)]."[2]  Mr. Underwood filed a request for an adversarial preliminary hearing at which the PCSO would be required to establish probable cause that the vehicle "was used in violation of the [Act]."  § 932.701(2)(f).

At the adversarial evidentiary hearing held March 10, 2011, the PCSO relied upon the testimony of the Detective to establish that it had probable cause to believe that the vehicle was a contraband article.  A detailed account of the Detective's testimony and Mr. Underwood's response is unnecessary to our resolution of this case.  At the conclusion of the hearing, the trial court found that under the totality of the circumstances the PCSO had established probable cause for forfeiture of the vehicle under the Act.  However, the trial court observed that "when we get to trial, [the PCSO's] burden is a whole lot different . . . . [a]nd it's not good, so maybe you can work something out."  The trial court issued a written order on March 21, 2011, finding probable cause and permitting the PCSO to retain possession of the vehicle pending further order of the court.  Mr. Underwood answered the complaint for forfeiture and discovery ensued.

---

[1]§§ 932.701-.706, Fla. Stat. (2010).

[2]Section 932.701(2)(a)(5) defines "contraband article" in pertinent part to mean "[a]ny . . . vehicle of any kind . . . which was used or was attempted to be used as an instrumentality in the commission of . . . any felony . . . or which [was] acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act."

Ultimately, on November 29, 2012, the PCSO filed a notice/motion of voluntary dismissal. The PCSO and Mr. Underwood submitted an agreed order granting the PCSO's requested relief, and the PCSO returned the vehicle to Mr. Underwood on December 4, 2012. When Mr. Underwood received the vehicle, he discovered that it had been substantially damaged while in the PCSO's possession.[3] On December 11, 2012, the trial court signed the agreed order dismissing the forfeiture action while reserving jurisdiction to determine costs, fees, or damages, if appropriate. No hearing or trial was held on the forfeiture claim, and neither the trial court nor a jury determined whether the vehicle should be forfeited.

Thereafter, on December 17, 2012, Mr. Underwood filed his "Amended Claimant's Motion for an Award of Costs, Attorney's Fees, & Damages" under sections 932.704(9)(b) and (10) in the pending forfeiture action. Mr. Underwood claimed that under section 932.704(9)(b) he was entitled to damages for the loss of use of and for the loss of value in the vehicle arising from the PCSO's seizure of the vehicle because he had prevailed in the forfeiture proceeding. He also claimed that he was entitled to his attorney's fees and costs under section 932.704(10) because the PCSO's conduct that precipitated the forfeiture action constituted a gross abuse of discretion. Mr. Underwood further contended that the PCSO's continuation of the action, knowing that it could not meet its burden of proof, was in bad faith. The trial court held an evidentiary hearing on Mr. Underwood's motion on April 23, 2015, and May 22, 2015.

---

[3]At the conclusion of the hearing on Mr. Underwood's motion for damages, costs, and attorney's fees, the trial court found that the condition of the car when the PCSO returned it was not the same as the condition of the car when it had been taken.

At the conclusion of the hearing, the trial court denied Mr. Underwood's claim for damages under section 932.704(9)(b) because, based on the PCSO's voluntary dismissal of the action, Mr. Underwood did not prevail in the forfeiture action at a trial or on appeal as required under the statute. In denying Mr. Underwood's motion for attorney's fees and costs under section 932.704(10), the trial court observed that it had found at the preliminary adversarial hearing held on March 10, 2011, that the PCSO had probable cause to seek forfeiture of the vehicle. Then, after conducting discovery, the PCSO had dismissed the forfeiture action and had returned the vehicle to Mr. Underwood. For these reasons, the trial court concluded that the PCSO had proceeded in good faith and ruled that Mr. Underwood was not entitled to his attorney's fees and costs under section 932.704(10). On June 1, 2015, the trial court entered its written order denying Mr. Underwood's motion. This appeal followed.

## II. DISCUSSION

### A. The Standard of Review

We review the trial court's interpretation of section 932.704(9)(b) de novo. See In re Forfeiture of: $221,898 in U.S. Currency, 106 So. 3d 47, 49 (Fla. 2d DCA 2013). We must determine whether the trial court's factual findings under section 932.704(10) that the PCSO did not abuse its discretion in bringing the action and that it had proceeded in good faith are supported by competent, substantial evidence. See Gay v. Beary, 758 So. 2d 1242, 1244 (Fla. 5th DCA 2000).

### B. The Claim for Damages under Section 932.704(9)(b)

Mr. Underwood argues that an award of damages for the PCSO's seizure and improper storage of his vehicle was mandatory under section 932.704(9)(b). He

asserts that the PCSO's position that he was not entitled to damages because he had not prevailed "at trial or on appeal" as a result of the case having been voluntarily dismissed before trial is contrary to the Fifth District's holding in Cox, 881 So. 2d 641.

Section 932.704(9)(b) provides—in pertinent part—that a "trial court shall require the seizing agency to pay to the claimant the reasonable loss of value of the seized property when the claimant prevails at trial or on appeal and the seizing agency retained the seized property during the trial or appellate process." (Emphasis added.) Thus the plain language of section 932.704(9)(b) requires that there must be a trial or an appeal and that the claimant prevail at the trial or on appeal before the claimant is entitled to damages under section 932.704(9)(b). Because no trial or appeal occurred in this case, we agree with the trial court's ruling that Mr. Underwood was not entitled to damages under section 932.704(9)(b).

To the extent that the Fifth District's decision in Cox suggests that the statute should be interpreted differently, we disagree with that decision. The pertinent language in Cox is quoted from the Fifth District's earlier decision in Gay, which interpreted section 932.704(10), not section 932.704(9). In Gay, the claimant appealed the trial court's order denying her motion for attorney's fees under section 932.704(10) after the sheriff elected not to proceed to trial and voluntarily dismissed his forfeiture proceeding against her. 758 So. 2d at 1243-44. Before affirming the trial court's decision, the Fifth District addressed the sheriff's argument that fees should not be awarded under section 932.704(10) "because the forfeiture proceeding never reached the trial stage and thus no 'trial' attorney's fees [were] awardable." 758 So. 2d at 1244. The Fifth District pointed out that section 932.704(10) provided:

- 6 -

> When the claimant prevails, at the close of the forfeiture proceedings and any appeal, the court shall award reasonable trial attorney's fees and costs to the claimant <u>if the court finds that the seizing agency has not proceeded at any stage in the proceedings in good faith or that the agency's action which precipitated the forfeiture proceedings was a gross abuse of the agency's discretion</u>.

<u>Id.</u> (emphasis added) (quoting section 932.704(10), Fla. Stat. (1997)). In rejecting the sheriff's argument that a trial was required before fees could be awarded under section 932.704(10), the Fifth District reasoned as follows:

> [T]he obvious intent of the Legislature . . . was to make claimants of wrongfully seized property whole, by requiring the seizing agency <u>which brought a baseless forfeiture proceeding</u> to compensate the owner of the property for reasonably expended attorney's fees and costs necessary to regain the property seized. Many cases end before the trial, but preparation for trial is necessary and it requires time and effort be expended by counsel. It would be contrary to the remedial intent of the statute to give it the limited reading suggested by the Sheriff.

758 So. 2d at 1244 (emphasis added).

The Fifth District similarly rejected the sheriff's argument that the claimant was not the "prevailing party" under section 932.704(10). Instead, it "opt[ed] for the view taken with regard to attorney's fee awards under other statutes and in contract cases" and held that "[u]nder appropriate circumstances, after the Sheriff takes a voluntary dismissal of a forfeiture suit, the claimant may be awarded attorney's fees as a 'prevailing' party." <u>Id.</u> (emphasis added). Ultimately, the Fifth District affirmed the trial court's denial of the claimant's motion for attorney's fees under section 932.704(10) because competent evidence supported the trial court's finding that there was no bad faith and no gross abuse of discretion on the sheriff's part. 758 So. 2d at 1244-45. In <u>Gay</u>, the Fifth District interpreted the plain language of section 932.704(10) as not

requiring a forfeiture action to reach the trial stage for a claimant to recover attorney's fees or to be the prevailing party under that subsection.  Thus, the decision in Gay did not address the language in section 932.704(9)(b) that requires a "claimant [to] prevail[] at trial or on appeal" before the seizing agency may be required to pay "the reasonable loss of value of the seized property."

In Cox, the Florida Department of Highway Safety and Motor Vehicles (DHSMV) sought forfeiture of Mr. Cox's vehicle under the Act after Mr. Cox permitted a third party with a suspended license to drive the vehicle while intoxicated, causing a crash.  881 So. 2d at 642.  Following an adversarial preliminary hearing at which the trial court found the seizure of Mr. Cox's vehicle was supported by probable cause, Mr. Cox filed an answer and affirmative defenses.  He also filed a counterclaim for damages in which he alleged "that the DHSMV knew or should have known it had no 'admissible evidence' to support its forfeiture complaint . . . [and] that Cox had little or no equity in the truck at the time of the seizure due to a lien in favor of Citrus Bank."  Id.  After the trial court dismissed Mr. Cox's counterclaim, the DHSMV returned Mr. Cox's truck to Citrus Bank and dismissed the main action over Mr. Cox's objection.  Mr. Cox argued that he should have been permitted to have his day in court to establish that the repossession was wrongful and to conduct discovery to show that the DHSMV had proceeded in bad faith or had grossly abused its discretion.

On appeal, the Fifth District observed that "at least some of Cox's . . . claims . . . appear to be authorized by section 932.704(9)(b), Florida Statutes (2001)," and that "[u]nder the statute, Cox may be considered a 'prevailing party' even though the seizing agency dismissed the action."  881 So. 2d at 646 (citing Gay, 758 So. 2d at

1244). Thus it appears that the district court in Cox applied its prior interpretation of the language in section 932.704(10) to its interpretation of section 932.704(9).

In considering Mr. Underwood's argument under Cox, we observe that the facts in Cox are distinguishable from the facts in this case. When Mr. Cox appealed the dismissal of his counterclaim he had never been given an opportunity to prove his entitlement to damages and attorney's fees under section 932.704. In the case before us, Mr. Underwood appeals the denial of his claim after he received a full evidentiary hearing. However, to the extent that the Fifth District in Cox interpreted sections 932.704(9)(b) and 932.704(10) as establishing the same requirements for a claimant to prove his or her entitlement to damages and to attorney's fees and costs, we disagree with that interpretation of the statutes. Sections 932.704(9) and 932.704(10) use different language to describe when a claimant may recover damages and when he or she may recover attorney's fees and costs. Section 932.704(9)(b) plainly requires a claimant to "prevail[] at trial or on appeal" to be entitled to the damages enumerated in that subsection. On the other hand, section 932.704(10) requires a claimant to "prevail[] at the close of forfeiture proceedings and any appeal"[4] and to establish that "the seizing agency has not proceeded at any stage of the proceedings in good faith or that the seizing agency's action which precipitated the forfeiture proceedings was a gross abuse of the agency's discretion." Thus to the extent that Cox holds that a claimant may be

---

[4]We observe that section 932.701(2)(g) defines "forfeiture proceeding" to mean "a hearing or trial in which the court or jury determines whether the subject property shall be forfeited." Thus, it is arguable that the Fifth District wrongly concluded in Gay that a claimant may be considered to be the prevailing party under section 932.704(10) after the sheriff takes a voluntary dismissal in the absence of such a hearing or trial. We need not resolve that issue on this appeal.

entitled to damages under section 932.704(9)(b) without "prevail[ing] at trial or on appeal," we disagree with that decision and certify conflict.

## C. Attorney's Fees and Costs under Section 932.704(10)

Mr. Underwood also contends that the trial court erred in failing to award him attorney's fees and costs under section 932.704(10), which provides for fees and costs when "the seizing agency has not proceeded at any stage of the proceedings in good faith or that the seizing agency's action which precipitated the forfeiture proceedings was a gross abuse of the agency's discretion."  He argues that the PCSO's forfeiture case was entirely dependent upon the testimony of the Detective, who resigned from his position in July 2012 amid allegations of misconduct.  Specifically, the Detective's testimony was indispensable to the PCSO's case because he claimed that Mr. Underwood made certain admissions to him that called into question the source of the funds used to buy the vehicle.  Further, Mr. Underwood had produced a witness at the preliminary adversarial hearing who testified that the vehicle was lawfully purchased with payments from labor.  Thus, Mr. Underwood argues, the PCSO failed to act in good faith and to timely dismiss its case until five months after the Detective's resignation.

After the hearing on Mr. Underwood's motion, the trial court found that Mr. Underwood had failed to meet his burden to recover fees and costs under section 932.704(10).  In reaching this conclusion, the trial court stated as follows:

> Now, I understand your frustration and I think we all are frustrated—and I'm not making a specific finding in this case—when law enforcement goes outside of the law to do what they do.  But in this case the search was issued [pursuant] to a warrant signed by a judge.  There was an adversarial preliminary hearing in which I found probable cause; and even in that hearing, as you pointed out, I said that the standard is much different than an adversarial

- 10 -

preliminary hearing because the totality of the circumstances or at least probable cause to proceed and I found that. After that, based on the record, and it took several months, in essence what the sheriff's office did was proceed with discovery and other . . . well, discovery essentially for which they, after examining that discovery, said, "No, I don't think we should go any further," and then dismissed the case." [sic] I don't find that that was not done in good faith; in fact, I find that the way they proceeded after that point was in good faith in trying to make a decision: ["]Is it time to shut this down and give the man his car back[?"]

Our review of the record reflects that the trial court's findings are supported by competent, substantial evidence. Thus we affirm the denial of attorney's fees and costs under section 932.704(10).

### III. CONCLUSION

To summarize, we affirm the trial court's determination that Mr. Underwood was not entitled to recover damages under section 932.704(9)(b) because he did not establish that he prevailed at trial or on appeal. We also affirm the trial court's determination that Mr. Underwood was not entitled to his attorney's fees and costs under section 932.704(10) based upon its findings that the PCSO did not abuse its discretion in initiating the action and that it had proceeded in good faith. Further, to the extent that the Fifth District held in Cox v. Department of Highway Safety & Motor Vehicles, 881 So. 2d 641 (Fla. 5th DCA 2004), that a claimant may be entitled to damages under section 932.704(9)(b) without "prevail[ing] at trial or on appeal," we disagree with that decision and certify conflict.

Under the circumstances of this case, some may question the fairness of the statutory requirements that a claimant prevail at trial or on appeal to recover damages and that a claimant establish the seizing authority's gross abuse of discretion

and bad faith to recover attorney's fees and costs.  Here, the PCSO seized Mr. Underwood's vehicle on December 15, 2010, and retained the vehicle until December 4, 2012, when it voluntarily dismissed the forfeiture action after almost two years.  During that period, Mr. Underwood was deprived of the use of the vehicle, the value of his vehicle depreciated, and the vehicle incurred damage from exposure to the elements and from other causes while in the PCSO's possession.  As the trial court noted at the conclusion of the hearing on Mr. Underwood's motion for damages, costs, and attorney's fees: "This is a tough area in the sense that government, the sheriff's office, gets some kind of extraordinary rights against a person.  But it is what it is."  In addition to his damages, Mr. Underwood incurred attorney's fees and costs to defend the action that the PCSO ultimately dismissed.

We note that the legislature recently amended section 932.703(1)(d)(2) of the Act to provide, among other things that "[u]nless otherwise expressly agreed to in writing by the parties, the agency seeking forfeiture of the seized property is responsible for any damage to the property and any storage fees or maintenance costs applicable to the property."  Ch. 2016-179, § 2, at 1996-98, Laws of Fla.  Thus under the amended version of the statute, Mr. Underwood would have been entitled to recover his damages upon the PCSO's voluntary dismissal of the forfeiture action.

Affirmed; conflict certified.


SILBERMAN and BLACK, JJ., concur.