ALLEN, C.J.
The Department of Highway Safety and Motor Vehicles (the department) challenges an order entered in an action under the Florida Contraband Forfeiture Act, sections 932.701-932.707, Florida Statutes (1999) (the Act), by which the department sought the forfeiture of an automobile owned by the appellee. Following an adversarial preliminary hearing, the trial court ruled in the order under review that the forfeiture action could not proceed because the department had not established probable cause to believe that the property had been used in violation of the Act. We affirm.
Section 932.703(2)(c) provides in relevant part as follows:
When an adversarial preliminary hearing is held, the court shall review the verified affidavit and any other supporting documents and take any testimony to determine whether there is probable cause to believe that the property was used, is being used, was attempted to be used, or was intended to be used in violation of the Florida Contraband Forfeiture Act.
Evidence presented at the adversarial preliminary hearing demonstrated probable cause to believe that the appellee’s automobile had been operated outside his presence in violation of section 322.34(9), Florida Statutes. Relying upon section 932.701(2)(a)(9) for the proposition that an automobile operated in violation of section 322.34(9) is a “contraband article” under the Act, the department argued that the evidence it had produced demonstrated probable cause to believe that the automobile had been used in violation of the Act. But the trial court disagreed, ruling that the department was additionally obligated to demonstrate a basis for belief that the appellee knew or should have known that the automobile would be used to commit a criminal act. Because no evidence was presented as to the appellee’s knowledge in this regard, the trial court determined that probable cause had not been established.
The department argues again on appeal that its burden of proof in the adversarial preliminary hearing was satis *10 fied, and that it was not required to provide evidence in contravention of what has been called “the innocent owner defense.” The department’s underlying premise that the innocent owner defense remains a part of the Act is incorrect. Prior to 1995, lack of knowledge by the owner that property was being employed in criminal activity was a defense. See Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla.1991). But the Act was amended in 1995 to provide in section 932.703(6)(a) that property may not be forfeited under the Act “unless the seizing agency establishes by a preponderance of the evidence that the owner either knew, or should have known after a reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity.” Ch. 95-265, § 3, at 2315, Laws of Fla. Thus, knowledge on the part of the owner is now an element of proof which must be established by the seizing agency before property may be forfeited under the Act.
The issue for our decision is whether there must be some preliminary showing of such owner knowledge in order to establish probable cause in a section 932.703(2)(c) adversarial preliminary hearing. Recognizing that forfeitures are not favored in law or equity and that forfeiture statutes must be strictly construed, see, e.g., Real Property, 588 So.2d at 961, we conclude that a preliminary showing of owner knowledge is required. We accordingly hold that establishment of “probable cause to believe that the property was ... used in violation of the Florida Contraband Forfeiture Act” requires, among other things, a preliminary showing of a basis for belief that the owner knew, or should have known after a reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity. No such showing having been made in the present case, the trial court properly determined that probable cause had not been established.
The order under review is affirmed.
WOLF and WEBSTER, JJ., CONCUR.