COHEN, J.
 

 The issue raised in this appeal is whether a seizing agency must show, at the adversarial preliminary hearing, that an owner knew or should have known the property seized was being used in violation of the Florida Contraband Forfeiture Act, section 932,
 
 et seq.,
 
 Florida Statutes (2007) (hereinafter “Forfeiture Act”). We agree with the trial court that such a showing must be made, but reverse because the trial court employed the wrung legal standard.
 

 The Brevard County Sheriff’s Office (hereinafter “Sheriff’) responded to a call concerning an open garage door at a home in Merritt Island, Florida. Upon looking inside the garage, the responding officer immediately recognized evidence consistent with the indoor cultivation of marijuana. While awaiting the search warrant, the officer learned that William Baggett rented the house and drove a blue pick-up truck that was usually parked in the driveway. Just before executing the search warrant, a blue pick-up truck drove past the residence. The truck was stopped after failing to stop at a stop sign and William Baggett was identified as the driver. A frisk for weapons uncovered $12,796, divided into $1000 increments and placed in separate plastic bags.
 

 After being read his Miranda
 
 [1]
 
 rights, William Baggett admitted growing the marijuana and indicated that he purchased the truck. Although the truck was regis
 
 *69
 
 tered to his daughter and Appellee, Rebecca Baggett, William Baggett stated that he only put her name on the registration because he did not have a valid driver’s license. A sales receipt inside the truck indicated that it was sold to him for $14,500. The truck and money were seized as proceeds from the illegal sale of narcotics, and the Sheriff subsequently filed a complaint of forfeiture. Because she was listed as the owner on the truck’s registration, Rebecca Baggett was given notice of the seizure and requested an adversarial preliminary hearing. At the hearing, and over objection, Rebecca Bag-gett testified by phone and asserted that she did not know the truck was being used in criminal activity. The trial court found the Sheriff did not establish probable cause to continue to detain the property because it failed to present any evidence to prove, by a preponderance of the evidence, Rebecca Baggett knew or should have known that the truck was being used to facilitate a felony.
 

 There are two stages to a foreclosure proceeding.
 
 See Velez v. Miami-Dade County Police Dep’t,
 
 934 So.2d 1162, 1164 (Fla.2006). The first stage is the adversarial preliminary hearing wherein the seizing agency must establish probable cause that the seized property was used, attempted to be used, or intended to be used in violation of the Forfeiture Act.
 
 Id.;
 
 § 932.703(2)(c), Fla. Stat. (2007). The second stage is the forfeiture proceeding in which the court or jury determines whether the seized property will be forfeited.
 
 Velez,
 
 934 So.2d at 1164.
 

 Section 932.701(2)(a)ll.(f) defines an “adversarial preliminary hearing” as a “hearing in which the seizing agency is required to establish probable cause that the property subject to forfeiture was used in violation of the [Forfeiture Act].” If probable cause is established, the court must “authorize the seizure or continued seizure of the subject contraband.” § 932.703(2)(c), Fla. Stat. However, “[property may not be forfeited ... unless the seizing agency establishes by a preponderance of the evidence that the owner either knew, or should have known after a reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity.” § 932.703(6)(a), Fla. Stat.
 

 The Sheriff contends it was only required to show probable cause that the truck was used in violation of the Forfeiture Act at the adversarial preliminary hearing. Whether Rebecca Baggett knew the property was being, or would likely be, employed in criminal activity should be determined at the subsequent forfeiture proceeding. Thus, the trial court erred in requiring it prove that Rebecca Baggett knew or should have known that the truck was being used in criminal activity at the adversarial preliminary hearing. We reject this argument and agree with the First District that the seizing agency must make a preliminary showing of innocent owner status at the adversarial preliminary hearing. The First District, in
 
 In
 
 re
 
 Forfeiture of a 1993 Lexus ES 300, VIN: JT8VK13T9P0196573,
 
 798 So.2d 8, 10 (Fla. 1st DCA 2001), established a “basis for belief” standard in determining innocent owner status at the adversarial preliminary hearing. However, we do not adopt this “basis for belief’ standard because we believe the proper quantum of proof is probable cause. Thus, when an owner requests an adversarial preliminary hearing and asserts she did not know the property was being used in criminal activity, the seizing agency must show probable cause to believe that the owner knew or should have known, after a reasonable inquiry, the property was employed or was likely to be employed in criminal activity.
 

 
 *70
 
 In reaching our decision, we recognize, as did the court in
 
 In
 
 re
 
 Forfeiture of a 1993 Lexus ES 300, VIN: JT8VK13T9P0196573,
 
 that forfeitures are harsh exactions not favored in the law or equity. However, our holding is predicated on the statutory language and its legislative history. Prior to 1995, the burden was on the owner of the seized property to establish lack of knowledge as an affirmative defense.
 
 See
 
 § 932.703(6)(a), Fla. Stat. (1994). This was commonly known as the “innocent owner” defense.
 
 See Dep’t of Law Enforcement v. Real Property,
 
 588 So.2d 957 (Fla. 1991). In 1995, section 932.703(6)(a) was amended and the legislature placed the burden of proof on the seizing agency to show that the owner was not innocent. Under the current version, “[property may not be forfeited” unless the seizing agency proves the owner is not innocent. § 932.703(6)(a), Fla. Stat. (Emphasis added.) If property is not subject to forfeiture unless the seizing agency proves the owner is not innocent, we do not see how a forfeiture proceeding can be maintained if this showing is not made at the adversarial preliminary hearing. The trial court recognized this, but required the Sheriff to prove Rebecca Baggett was not an innocent owner by a preponderance of the evidence, not the probable cause standard we have set forth above.
 

 Having determined that the seizing agency must show probable cause to believe that the owner is not innocent, we now turn to the facts of this case. The parties concede, and the trial court found, that the Sheriff did not present any evidence to show that Rebecca Baggett knew William Baggett was using or would likely be using the truck in criminal activity. Normally, this will be fatal to the continuance of the forfeiture action. However, in this case, the evidence presented at the adversarial preliminary hearing established probable cause to believe that Rebecca Baggett was not even the owner.
 

 At the adversarial preliminary hearing, the affidavit of the responding officer was entered into evidence. The affidavit contained William Baggett’s admissions that he purchased the truck and registered it in Rebecca Baggett’s name because he did not have a valid driver’s license. The affidavit also stated that a receipt was found showing the truck was sold to William Baggett. Although a presumption of ownership arises because Rebecca Baggett’s name was on the registration, this presumption may be overcome by the introduction of evidence to the contrary.
 
 See Farrelly v. Heuacker,
 
 118 Fla. 340, 159 So. 24, 25 (1935). The affidavit in this case was sufficient to establish probable cause to believe that the truck was registered to Rebecca Baggett in name only, and that William Baggett was, in fact, the actual owner. At the forfeiture proceeding, the Sheriff should be given the opportunity to prove this. Of course, the Sheriff will also have to present evidence that Rebecca Baggett is not an innocent owner in the event the trier of fact finds she is the owner.
 
 [2]
 
 Accordingly, we reverse the trial court’s order and remand for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 GRIFFIN and ORFINGER, JJ., concur.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [2]
 

 . We recognize that our decision to reverse and remand is not entirely based on tire trial court using the wrong legal standard to show innocent owner status at the adversarial preliminary hearing. However, we believe it is appropriate because the issue of whether an owner is innocent becomes moot if it is shown she is not, in fact, the owner.