ROTHENBERG, J.
Zenaida Gomez (“Gomez”) appeals from a non-final order entered following an adversarial preliminary hearing, conducted under section 932.703(2)(a), Florida Statutes (2007), of the Florida Contraband Forfeiture Act (“Act”), finding probable cause for the preforfeiture seizure of her real property. We affirm.
*324 The Village of Pinecrest Police Department (“Pinecrest Police Department”) discovered marijuana plants and a hydroponics system inside a house owned by Gomez. Thereafter, the Village of Pinecrest (“Pine-crest”), as the seizing agency, notified Gomez that, pursuant to section 932.704, Florida Statutes (2007), the real property may be seized, and that she had the right to demand an adversarial preliminary hearing under section 932.703(2)(a). Gomez filed a timely demand for an adversarial preliminary hearing, and Pinecrest filed a Verified Complaint for Final Order of Forfeiture.
At the adversarial preliminary hearing, Officer Paez of the Pinecrest Police Department testified that on January 17, 2008, he received an anonymous call reporting that three armed men had entered the property. He responded to the address provided, and after finding a broken window, he entered the property and discovered marijuana plants and a hydroponics system inside the house. On cross-examination, Officer Paez testified that prior to the call, he had not seen any activity at the real property consistent ■with drug activity, and the appearance of the house did not alert him to the hydroponics operation being conducted inside. When Gomez’s counsel asked Officer Paez whether he had any evidence that Gomez was aware of the activities he observed, Pinecrest’s attorney objected, arguing that at this stage of the proceedings, Gomez’s knowledge was not relevant. The trial court sustained Pinecrest’s objection.
Gomez testified at the adversarial preliminary hearing as follows. In March 2006, she purchased the real property for investment purposes and leased it for approximately one year. Thereafter, in late 2007, after placing a “For Rent” sign on the property, a woman who identified herself as Martha Herrera (“Mrs. Herrera”) contacted her, and stated that her husband, Rolando Herrera (“Mr. Herrera”), wished to lease the property. Mrs. Herrera and Gomez met at the property, and without meeting Mr. Herrera, Gomez prepared a lease identifying Mr. Herrera as the lessee. Mrs. Herrera subsequently delivered the executed and notarized lease, a copy of Mr. Herrera’s driver’s license, and the rent payment to Gomez. For the following two months, Gomez collected the rent payments at the property, but never met Mr. Herrera or entered the house. Gomez testified that she did not know or have reason to believe that the house would be used or was being used for a hydroponics operation, and she never saw, heard, or smelled anything unusual.
Pinecrest requested that a preforfeiture seizure should be granted because it had established probable cause that the property was being used for illegal purposes in violation of the Act. Additionally, Pinecrest noted that Gomez leased the property to someone she never met and that she had taken absolutely no steps to verify Mr. Herrera’s identity or that the driver’s license she was shown was legitimate. In response, Gomez’s counsel argued that to grant a preliminary order of seizure pursuant to section 932.703(2)(a), Pinecrest was required to present some evidence that Gomez knew, or should have known after reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity. The trial court concluded that the evidence presented established probable cause to believe that the subject property was being used in violation of the Act and ordered preforfei-ture seizure of Gomez’s real property. This non-final appeal ensued.
The issue that we must decide is whether section 932.703(2)(a) of the Act requires the seizing agency to present some evidence at the adversarial preliminary heai*- *325 ing stage that the property owner knew or should have known that her property was employed or was likely to be employed in criminal activity, in addition to establishing probable cause to believe that the property was used in violation of the Act.
As our resolution of this issue requires us to interpret statutory provisions of the Act, our standard of review is de novo. See Velez v. Miami-Dade County Police Dep't, 934 So.2d 1162, 1164 (Fla.2006); see also Alvarez v. City of Hialeah, 900 So.2d 761, 765 (Fla. 3d DCA 2005) (“Our standard of review of an order finding probable cause after an adversarial preliminary hearing, under the Florida Contraband Forfeiture Act, is de novo.”).
Section 932.703(1)(a) provides that “[a]ny contraband article, vessel, motor vehicle, aircraft, other personal property, or real property used in violation of any provision of the Florida Contraband Forfeiture Act ... may be seized and shall be forfeited subject to the provisions of the Florida Contraband Forfeiture Act.” However, “[fjorfeiture proceedings in Florida are a two-stage process.” Velez, 934 So.2d at 1164 (emphasis added). The first stage addresses seizure of the property and provides for an adversarial preliminary hearing, whereas, the second stage is the actual forfeiture proceeding.
Section 932.703 governs the procedure a seizing agency must follow when it seizes or restrains property under the Act. Subsection (1) is the general provision providing for the seizure and forfeiture of contraband used in violation of the Act.
Subsection (2) pertains to the first state of the proceedings under section 932.703, the seizure stage. Subsection (2): addresses the proper procedure that must be followed when seizing property, including who must be noticed and how; provides for the right of any person entitled to notice to request an adversarial preliminary hearing; identifies the purpose of the hearing; sets the legal requirement that must be met before the trial court may authorize the seizure of property; and establishes the steps a trial court must take if it determines that probable cause to believe that the property was used in violation of the Act is established.
Unlike subsection (2), which addresses the seizure stage, subsection (6) addresses the forfeiture stage of the proceedings. Thus, forfeiture proceedings in Florida involve a two-stage process, with each stage clearly defined by statute.
Subsection (2) of section 932.703, the seizure stage of the process, provides, in relevant part as follows:
(a) Personal property may be seized at the time of the violation or subsequent to the violation, if the person entitled to notice is notified at the time of the seizure or by certified mail, return receipt requested, that there is a right to an adversarial preliminary hearing after the seizure to determine whether probable cause exists to believe that such property has been or is being used in violation of the Florida Contraband Forfeiture Act....
(b) Real property may not be seized or restrained, other than by lis pendens, subsequent to a violation of the Florida Contraband Forfeiture Act until the persons entitled to notice are afforded the opportunity to attend the preseizure adversarial preliminary hearing. A lis pendens may be obtained by any method authorized by law. Notice of the adversarial preliminary hearing shall be by certified mail, return receipt requested. The purpose of the adversarial preliminary hearing is to determine whether probable cause exists to believe that such property has been used in viola *326 tion of the Florida Contraband Forfeiture Act....
(c) When an adversarial preliminary hearing is held, the court shall review the verified affidavit and any other supporting documents and take any testimony to determine whether there is probable cause to believe that the property was used, is being used, was attempted to be used, or was intended to be used in violation of the Florida Contraband Forfeiture Act. If probable cause is established, the court shall authorize the seizure or continued seizure of the subject contraband. A copy of the findings of the court shall be provided to any person entitled to notice.
(d) If the court determines that probable cause exists to believe that such property was used in violation of the Florida Contraband Forfeiture Act, the court shall order the property restrained by the least restrictive means to protect against disposal, waste, or continued illegal use of such property pending disposition of the forfeiture proceeding. The court may order the claimant to post a bond or other adequate security equivalent to the value of the property.
§ 932.703(2) (emphasis added).
The unambiguous language of subsection (2), the subsection dealing with the seizure/adversarial preliminary hearing stage of the process, clearly focuses on the property. If law enforcement establishes probable cause to believe that the property was used in violation of the Act, the court shall authorize the seizure or continued seizure of the property and order that the property be restrained by the least restrictive means to protect against its disposal or illegal use pending disposition of the forfeiture proceeding.
Stage two of the process is the subsequent forfeiture proceeding, and subsection 932.703(6) is the subsection that deals with this stage of the process. Section 932.703(6)(a) provides:
Property may not be forfeited under the Florida Contraband Forfeiture Act unless the seizing agency establishes by a preponderance of the evidence that the owner either knew, or should have known after a reasonably inquiry, that the property was being employed or was likely to be employed in criminal activity.
(emphasis added).
Likewise, subsection (6)(b), which deals with bona fide lienholders; subsection (6)(c), which addresses property owned jointly by spouses; and subsection (6)(d), which addresses vehicles that are rented or leased, all contain the knowledge element which must be established at the forfeiture stage and before the property may be forfeited.
A careful review of section 932.703 reveals that the focus at the first stage of the process, the seizure stage, is on the property and whether there exists probable cause to believe that the property was used in violation of the Act (to conceal, transport, or possess contraband). At the second stage, the forfeiture stage, however, the seizing agency must not only prove that the property was in fact being used to conceal, transport or possess contraband, it must also prove that the owner or owners knew or should have known that the property was being used or was likely to be used for an illegal purpose.
Counsel for Gomez urges this Court to find that, although the Legislature did not include language in section 932.703(2) requiring that the seizing agency present some evidence of the owner’s knowledge that the property was being used for an illegal purpose at the seizure/adversarial *327 preliminary stage, and the Legislature did include that language in section 932.703(6), which deals with the forfeiture stage of the proceedings, we should find that this requirement must be met at both stages of the proceedings. Gomez’s counsel argues that it would be unfair to Gomez to seize her property without this additional showing and to restrict her use of the property without this additional proof. We decline to write language into a statute created by the legislative branch of government. See Velez, 934 So.2d at 1164-65 (holding that the court is “without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications” because “to do so would be an abrogation of legislative power”).
We additionally note that the Legislature has already considered the possibility that some seizures will not ultimately result in a forfeiture of the property, and has provided for penalties to be imposed against a seizing agency where insufficient evidence is submitted to support a forfeiture of the property and the seizing agency has retained or restricted seized property prior to forfeiture, or acted in bad faith. Section 932.704(9)(b) provides, in pertinent part:
The trial court shall require the seizing agency to pay to the claimant the reasonable loss of value of the seized property when the claimant prevails at trial or on appeal and the seizing agency retained the seized property during the trial or appellate process. The trial court shall also require the seizing agency to pay to the claimant any loss of income directly attributed to the continued seizure of income-producing property during the trial or appellate process.
Thus, there is a penalty that may be levied against an agency that seizes property and cannot prove both its illegal use and the owner’s knowledge of its illegal use. We therefore conclude that based on the plain language of the Act, Pinecrest, as the seizing agency, was not required to demonstrate at the adversarial preliminary hearing, conducted under section 932.703(2), that Gomez, as the real property owner, either knew, or should have known after a reasonable inquiry, that her property was employed or was likely to be employed in criminal activity. Because the trial court correctly determined that Pinecrest established the necessary probable cause at the adversarial preliminary hearing, the preforfeiture seizure of Gomez’s real property was lawful. Accordingly, we affirm the order under review.
In reaching the conclusions stated herein, this Court recognizes that the First District has taken a contrary position in Department of Highway Safety & Motor Vehicles v. Karr, 798 So.2d 8, 10 (Fla. 1st DCA 2001) (holding that “establishment of ‘probable cause to believe that the property was ... used in violation of the Florida Contraband Forfeiture Act’ requires, among other things, a preliminary showing of a basis for belief that the owner knew, or should have known after a reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity”).
Although we agree with the First District that “forfeitures are not favored in law or equity and that forfeiture statutes must be strictly construed,” id., we believe that the First District failed to strictly construe the forfeiture statutes at issue, and failed to consider that property seized, after demonstrating probable cause that the property was used in criminal activity, is not forfeited at this initial stage of the proceedings. Because we cannot reconcile our determination with the First District’s *328 decision in Karr, we certify conflict with Karr.[1]
We are also not persuaded by the dissent issued in the instant opinion, which posits that the majority opinion is in conflict with this Court’s opinion in Department of Highway Safety & Motor Vehicles v. In re: Forfeiture of a 2003 Mercedes-Benz, 902 So.2d 192 (Fla. 3d DCA 2005). The entirety of the Mercedes-Benz opinion reads as follows: “The State of Florida, Department of Highway Safety and Motor Vehicles, appeals from an order finding no probable cause for the forfeiture of the automobile in question here. We affirm on the authority of In re: Forfeiture of 1993 Lexus ES 300, 798 So.2d 8 (Fla. 1st DCA 2001)” (emphasis added). In Mercedes-Benz this Court found that there was no probable cause for the forfeiture of the property. The instant opinion deals solely with the proof necessary at the adversarial preliminary hearing conducted during the first stage of the proceedings, not the forfeiture stage, which is the second stage of the proceedings. Thus, we find only the conflict previously noted with the First District in Karr.
Order under review, affirmed; conflict certified.
LAGOA, J., concurs.

. During the pendency of this appeal, the Fifth District Court of Appeal issued its opinion in Brevard County Sheriff's Office v. Baggett, 4 So.3d 67 (Fla. 5th DCA 2009), which follows the First District’s reasoning in Karr. We, therefore, also certify conflict with Bag-gett.