SHEPHERD, J.,
dissenting.
I respectfully dissent. I believe the First District Court of Appeal correctly interpreted section 932.703(6)(a), Florida Statutes (2007), to require a preliminary showing that the owner knew or should have known, after reasonable inquiry, that the property was employed or likely to be employed in criminal activity for it to be seized. The Fifth District Court of Appeal recently joined the First District Court of Appeal in this interpretation of the statute. See Brevard County Sheriff's Office v. Baggett, 4 So.3d 67 (Fla. 5th DCA 2009). However, I do not need to reach the merits of this controversy because a panel of this Court, in Department of Highway Safety & Motor Vehicles v. In re Forfeiture of a 2003 Mercedes-Benz, 902 So.2d 192 (Fla. 3d DCA 2005), previously approved the same decision of the First District Court, and we are bound to that panel decision by principles of stare decisis.
The entirety of our earlier opinion in Mercedes-Benz reads: “The State of Florida, Department of Highway Safety and Motor Vehicles, appeals from an order finding no probable cause for the forfeiture of the automobile in question here. We affirm on the authority of [Department of Highway Safety & Motor Vehicles v. Karr ], 798 So.2d 8 (Fla. 1st DCA 2001).” Id. at 192 (emphasis added).
In Kan-, 798 So.2d at 10, the First District Court of Appeal considered a single issue: “[Wjhether there must be some preliminary showing of such owner knowledge in order to establish probable cause in a section 932.703(2)(c) adversarial preliminary hearing.” As the majority recognizes, the holding of that case is:
that establishment of “probable cause to believe that [ ] property was ... used in violation of the Florida Contraband Forfeiture Act” requires, among other things, a preliminary showing of a basis for belief that the owner knew, or should have known after a reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity.
*329 See supra p. 327 (quoting Karr, 798 So.2d at 10). It is the only “authority” to be found in the case.
Under salutary principles of stare deci-sis in this state, one panel of a district court of appeal may not overrule a decision of another. In re R. 9.331, Determination of Causes by a Dist. Ct. of App. En Banc, Fla. Rules of Appellate Procedure, 416 So.2d 1127, 1128 (Fla.1982) (“[T]he suggestion that each three-judge panel may rule indiscriminately without regard to previous decisions of the same court is totally inconsistent with the philosophy of a strong district court of appeal which possesses the responsibility to set the law within its district.”); see also In re Seaton’s Estate, 154 Fla. 446, 18 So.2d 20, 22 (1944) superseded by statute on other grounds as stated in, In re Alworth’s Estate, 151 So.2d 478 (Fla. 1st DCA 1963) (“[W]hen a point has once been settled by judicial decision it should, in the main, be adhered to, for it forms a precedent to guide the courts in future similar cases.”); Black’s Law Dictionary 1261 (5th ed. 1979) (defining stare decisis as “a deliberate or solemn decision of a court made on a question of law fairly arising in a case, and necessary to its determination, is an authority or binding precedent in the same court”). It is improper for us to do so in this case.
The majority seeks to avoid the natural workings of Mercedes-Benz on the theory it is a “second stage” case. See supra p. 328 (distinguishing between the “first stage” and “second stage” of a forfeiture case). Together, the two stages constitute a “Forfeiture proceeding” as described in section 932.704 of the Florida Statutes. Thus, the majority’s narrow focus on one word to distinguish Mercedes-Benz from our case is not supportable. Further, if Mercedes-Benz is a “second stage” case, it would represent the first time a final judgment of forfeiture of an individual’s property (or any final judgment) has been affirmed on a lesser burden of proof than the least of them — the preponderance burden. I cannot agree with this analysis. An ordinary and natural reading of Mercedes-Benz renders it for what it is, the application of “the authority of [Karr ], 798 So.2d 8 (Fla. 1st DCA 2001)” to Mercedes-Benz and hence to the ease before us. Mercedes-Benz, 902 So.2d at 192.
I would reverse the decision of the trial court.