PARIENTE, J.
 

 This case is before the Court for review of the decision of the Third District Court of Appeal in
 
 Gomez v. Village of Pinecrest,
 
 17 So.3d 322 (Fla. 3d DCA 2009). The district court certified that its decision is in direct conflict with the decision of the First District Court of Appeal in
 
 In re Forfeiture of a 1993 Lexus ES 300,
 
 798 So.2d 8 (Fla. 1st DCA 2001), and the decision of the Fifth District Court of Appeal in
 
 Brevard County Sheriff’s Office v. Baggett,
 
 4 So.3d 67 (Fla. 5th DCA 2009). We have jurisdiction.
 
 See
 
 art. V, § 3(b)(4), Fla. Const.
 

 The issue presented in this case is whether the Florida Contraband Forfeiture Act (“the Act”),
 
 [1]
 
 requires a seizing agency to establish at the seizure stage of a forfeiture proceeding that the owner knew, or should have known after a reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity. We conclude, based on the plain and unambiguous language of the Act, that the seizing agency is not required to establish the owner’s actual or constructive knowledge at the seizure stage. Rather, at the seizure stage, the seizing agency is required to establish only that there is probable cause to believe that the property was being employed or likely to be employed in criminal activity — establishing the owner’s actual or constructive knowledge is not required until the forfeiture stage.
 

 
 *182
 
 FACTS AND PROCEDURAL BACKGROUND
 

 Appellant, Zenaida Gomez, is the title owner of a house located in the Village of Pinecrest, Florida. Pinecrest is a municipality and the seizing agency in this case. Gomez purchased the property in 2006 as an investment property. In October 2007, Gomez entered into a lease agreement with Rolando Herrera for the rental of the house for a period of one year.
 

 On January 17, 2008, Pinecrest police officers were dispatched to the property in response to an anonymous call advising of three armed males entering the house. The officers entered the house and discovered that two rooms contained marijuana and a hydroponics marijuana laboratory.
 

 As a result of finding clear evidence of criminal activity occurring on the property, Pinecrest filed a verified complaint for forfeiture, alleging that the “property was used or intended to be used to facilitate a criminal activity and/or the ... property is contraband” under the Act. Pinecrest served Gomez with a notice of seizure and the right to an adversarial preliminary hearing. Gomez requested an adversarial preliminary hearing, at which she testified that she had no knowledge that the house was being used for an illegal hydroponics operation. Pinecrest argued that that the trial court should grant a preforfeiture seizure because Pinecrest had established probable cause that the property was being used for illegal purposes in violation of the Act, irrespective of Gomez’s knowledge of the illegal activity. Pinecrest also noted that Gomez leased the property to someone she had never met and took no steps to verify his identity or confirm that the driver’s license she was shown for him was legitimate. Gomez argued in response that pursuant to section 932.703(2)(a), Florida Statutes (2008), a preliminary order of seizure can be granted only upon a showing by the seizing authority that the property owner knew, or should have known after reasonable inquiry, that the property was being employed or likely to be employed in criminal activity. At the conclusion of the hearing, the trial court determined that probable cause existed under section 932.703(2)(a) for the seizure of the property and entered an order accordingly without regard to the issue of the owner’s actual or constructive knowledge.
 

 Gomez filed an interlocutory appeal in the Third District Court of Appeal. The Third District framed the issue on appeal as follows:
 

 [Wjhether section 932.703(2)(a) of the Act requires the seizing agency to present some evidence at the adversarial preliminary hearing stage that the property owner knew or should have known that her property was employed or was likely to be employed in criminal activity, in addition to establishing probable cause to believe that the property was used in violation of the Act.
 

 Gomez,
 
 17 So.3d at 324-25. The district court first explained that “[f]orfeiture proceedings in Florida are a two-stage process.”
 
 Id.
 
 at 325 (quoting
 
 Velez v. Miami-Dade County Police Dep’t,
 
 934 So.2d 1162, 1164 (Fla.2006)). “The first stage addresses
 
 seizure
 
 of the property and provides for an adversarial preliminary hearing, whereas, the second stage is the actual
 
 forfeiture
 
 proceeding.”
 
 Id.
 
 After reviewing the applicable statutory provisions, the Third District affirmed the trial court’s seizure order, concluding:
 

 [Biased on the plain language of the Act, Pinecrest, as the seizing agency, was not required to demonstrate at the adversarial preliminary hearing, conducted under section 932.703(2), that Gomez, as the real property owner, either knew, or should have known after a reasonable
 
 *183
 
 inquiry, that her property was employed or was likely to be employed in criminal activity. Because the trial court correctly determined that Pinecrest established the necessary probable cause at the adversarial preliminary hearing, the preforfeiture seizure of Gomez’s real property was lawful.
 

 Id.
 
 at 327. In reaching this conclusion, the Third District reasoned:
 

 A careful review of section 932.703 reveals that the focus at the first stage of the process, the seizure stage, is on the property and whether there exists probable cause to believe that the property was used in violation of the Act (to conceal, transport, or possess contraband). At the second stage, the forfeiture stage, however, the seizing agency must not only prove that the property was in fact being used to conceal, transport or possess contraband, it must also prove that the owner or owners knew or should have known that the property was being used or was likely to be used for an illegal purpose.
 

 Id.
 
 at 326. The Third District also noted:
 

 [T]he Legislature has already considered the possibility that some seizures will not ultimately result in a forfeiture of the property, and has provided for penalties to be imposed against a seizing agency where insufficient evidence is submitted to support a forfeiture of the property and the seizing agency has retained or restricted seized property pri- or to forfeiture, or acted in bad faith.
 

 Id.
 
 at 327.
 

 The Third District certified conflict with
 
 In re Forfeiture of a 1993 Lexus ES 300,
 
 798 So.2d 8 (Fla. 1st DCA 2001), and
 
 Brevard County Sheriffs Office v. Baggett,
 
 4 So.3d 67 (Fla. 5th DCA 2009), in which the First and Fifth Districts concluded that establishment of probable cause to believe that property was used in violation of the Act requires, among other things, a preliminary showing of the owner’s actual or constructive knowledge of criminal activity. The trial court granted the parties’ agreed motion to stay the proceedings pending the outcome of this appeal.
 

 ANALYSIS
 

 The certified conflict issue before this Court is whether the Florida Contraband Forfeiture Act requires a seizing agency to establish at the seizure stage of a forfeiture proceeding that the owner knew, or should have known after a reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity. Because the conflict issue involves the interpretation of the Act, resolving the issue requires an analysis of the language of the Act to discern legislative intent. In analyzing this issue, we first set forth the applicable history and provisions of the Act. Next, we examine the Act’s plain language to determine whether the Legislature intended to require a seizing agency to establish the owner’s actual or constructive knowledge at the seizure stage of a proceeding. In doing so, we explain why we approve the reasoning of the Third District in
 
 Gomez.
 

 The Florida Contraband Forfeiture Act
 

 Section 932.702(3) of the Act provides in relevant part that it is unlawful “[t]o use any ... real property to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.” Under the Act, a “contraband article” is defined in pertinent part as follows:
 

 Any real property, including any right, title, leasehold, or other interest in the whole of any lot or tract of land, which was used, is being used, or was attempted to be used as an instrumentality in
 
 *184
 
 the commission of, or in aiding or abetting in the commission of, any felony....
 

 § 932.701(2)(a)6., Fla. Stat. (2008). This Court recently explained that forfeiture proceedings in this state are a two-part process.
 
 Velez,
 
 934 So.2d at 1164. In the first stage, the seizure stage, the Act provides in relevant part as follows:
 

 (a) Personal property may be seized at the time of the violation or subsequent to the violation, if the person entitled to notice is notified at the time of the seizure or by certified mail, return receipt requested, that there is a right to an adversarial preliminary hearing after the seizure to determine whether probable cause exists to believe that such property has been or is being used in violation of the Florida Contraband Forfeiture Act....
 

 (b) Real property may not be seized or restrained, other than by lis pendens, subsequent to a violation of the Florida Contraband Forfeiture Act until the persons entitled to notice are afforded the opportunity to attend the preseizure adversarial preliminary hearing. A lis pen-dens may be obtained by any method authorized by law. Notice of the adversarial preliminary hearing shall be by certified mail, return receipt requested. The purpose of the adversarial preliminary hearing is to determine whether probable cause exists to believe that such property has been used in violation of the Florida Contraband Forfeiture Act. The seizing agency shall make a diligent effort to notify any person entitled to notice of the seizure. The presei-zure adversarial preliminary hearing provided herein shall be held within 10 days of
 

 (c) When an adversarial preliminary hearing is held, the court shall review the verified affidavit and any other supporting documents and take any testimony to determine whether there is probable cause to believe that the property was used, is being used, was attempted to be used, or was intended to be used in violation of the Florida Contraband Forfeiture Act. If probable cause is established, the court shall authorize the seizure or continued seizure of the subject contraband. A copy of the findings of the court shall be provided to any person entitled to notice.
 

 (d)If the court determines that probable cause exists to believe that such property was used in violation of the Florida Contraband Forfeiture Act, the court shall order the property restrained by the least restrictive means to protect against disposal, waste, or continued illegal use of such property pending disposition of the forfeiture proceeding. The court may order the claimant to post a bond or other adequate security equivalent to the value of the property.
 

 § 932.703(2), Fla. Stat. (2008). If an adversarial preliminary hearing is held, “the seizing agency is required to establish probable cause that the property subject to forfeiture was used in violation of the Forfeiture Act.”
 
 Velez,
 
 934 So.2d at 1164 (citing § 932.701(2)(f), Fla. Stat. (2002)).
 

 The second stage, the forfeiture stage, “is a forfeiture proceeding ⅛ which the court or jury determines whether the subject property shall be forfeited.’ ”
 
 Velez,
 
 934 So.2d at 1164 (quoting § 932.701(2)(g), Fla. Stat. (2002)). The seizing agency must file a complaint for forfeiture within forty-five days after the seizure. §§ 932.701(2), 932.704(4), Fla. Stat. (2008). “At the forfeiture proceeding, the court ‘shall’ order the seized property forfeited to the seizing agency ‘[u]pon clear and convincing evidence that the contraband article was being used in violation’ of the Forfeiture Act.”
 
 Velez,
 
 934 So.2d at
 
 *185
 
 1164 (citing § 932.704(8), Fla. Stat. (2002)). Moreover, after amendments to the Act in 1995, the Legislature shifted the burden to the seizing agency to establish the owner’s actual or constructive knowledge in order to establish a forfeiture.
 
 [2]
 
 Section 932.703(6)(a) now provides:
 

 Property may not be forfeited under the Florida Contraband Forfeiture Act unless the seizing agency establishes by a preponderance of the evidence that the owner either knew, or should have known after a reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity-
 

 § 932.703(6)(a), Fla. Stat. (2008).
 

 Statutory Interpretation of the Act
 

 Because this case involves statutory interpretation, this Court’s review is de novo.
 
 Larimore v. State,
 
 2 So.3d 101, 106 (Fla.2008). “A court’s purpose in construing a statute is to give effect to legislative intent, which is the polestar that guides the court in statutory construction.”
 
 Id.
 
 (citing
 
 Bautista v. State,
 
 863 So.2d 1180, 1185 (Fla.2003)). “To discern legislative intent, a court must look first and foremost at the actual language used in the statute.”
 
 Id.
 
 As this Court set forth in
 
 Velez,
 
 934 So.2d at 1164-65:
 

 As this Court has often repeated, when the language of the statute is clear and unambiguous and conveys a clear and definite meaning ... the statute must be given its plain and obvious meaning. Further, we are without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power. A related principle is that when a court interprets a statute, it must give full effect to all statutory provisions. Courts should avoid readings that would render part of a statute meaningless.
 

 (Internal quotation marks and citations omitted.) Moreover, because “forfeitures are considered harsh exactions, and as a general rule ... are not favored in law or equity[,] ... this Court has long followed a policy that it must strictly construe forfeiture statutes.”
 
 Real Property,
 
 588 So.2d at 961.
 

 The plain and unambiguous language of the Act leads us to adopt the statutory construction set forth in the Third District’s opinion in
 
 Gomez
 
 for several reasons. First, the plain language of section 932.703 indicates that forfeiture proceedings in Florida are a two-stage process, which includes a seizure stage and a forfeiture stage, as recognized by this Court in
 
 Velez.
 
 934 So.2d at 1164 (“Forfeiture proceedings in Florida are a two-stage process.”). Several subsections of 932.703 specifically distinguish between seizure and forfeiture. For example, section 932.703(l)(a) provides:
 

 
 *186
 
 Any contraband article, vessel, motor vehicle, aircraft, other personal property, or real property used in violation of any provision of the Florida Contraband Forfeiture Act, or in, upon, or by means of which any violation of the Florida Contraband Forfeiture Act has taken or is taking place,
 
 may be seized and shall be forfeited
 
 subject to the provisions of the Florida Contraband Forfeiture Act.
 

 (Emphasis added.) Similarly, section 932.703(l)(b) states:
 

 Notwithstanding any other provision of the Florida Contraband Forfeiture Act, except the provisions of paragraph (a), contraband articles set forth in s. 932.701(2)(a)7. used in violation of any provision of the Florida Contraband Forfeiture Act, or in, upon, or by means of which any violation of the Florida Contraband Forfeiture Act has taken or is taking place,
 
 shall be seized and shall be forfeited
 
 subject to the provisions of the Florida Contraband Forfeiture Act.
 

 (Emphasis added.)
 
 See also
 
 § 932.703(2)(d), Fla. Stat. (2008) (“If the court determines that probable cause exists to believe that such property was used in violation of the Florida Contraband Forfeiture Act, the
 
 court shall order the property restrained
 
 by the least restrictive means to protect against disposal, waste, or continued 'illegal use of such property
 
 pending disposition of the forfeiture proceeding.
 
 The court may order the claimant to post a bond or other adequate security equivalent to the value of the property.”) (emphasis added).
 

 Second, as explained in
 
 Gomez,
 
 the unambiguous language of section 932.703(2), which deals with the seizure stage of a forfeiture action, “clearly focuses on the property” and not the owner’s actual or constructive knowledge.
 
 Gomez,
 
 17 So.3d at 326. Section 932.703(2)(c) states in relevant part:
 

 When an adversarial preliminary hearing is held, the court shall review the verified affidavit and any other supporting documents and take any testimony
 
 to determine whether there is probable cause to believe that the property was used, is being used, was attempted to be used, or was intended to be used in violation of the Florida Contraband Forfeiture Act. If probable cause is established, the court shall authorize the seizure or continued seizure of the subject contraband.
 

 (Emphasis added.) Quite simply, under this unambiguous language, “[i]f law enforcement establishes [at the adversarial preliminary hearing] probable cause to believe that the property was used in violation of the Act, the court shall authorize the seizure or continued seizure of the property.”
 
 Gomez,
 
 17 So.3d at 326.
 

 Third, section 932.703(6)(a), which places the burden on the seizing agency to prove the owner’s actual or constructive knowledge, clearly refers to the forfeiture stage of the proceedings, not the seizure stage:
 

 Property
 
 may not be forfeited
 
 under the Florida Contraband Forfeiture Act unless the seizing agency establishes by a preponderance of the evidence that the owner either knew, or should have known after a reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity.
 

 (Emphasis added.)
 

 Fourth, as noted in
 
 Gomez,
 
 17 So.3d at 327, the Legislature contemplated that some seizures would not ultimately result in forfeiture and provided for penalties against the seizing agency when there is insufficient evidence to support a forfeiture of the property and the seizing agency has retained or restricted seized property pri-
 
 *187
 
 or to forfeiture or acted in bad faith. Section 932.704(9)(b) provides:
 

 The trial court shall require the seizing agency to pay to the claimant the reasonable loss of value of the seized property when the claimant prevails at trial or on appeal and the seizing agency retained the seized property during the trial or appellate process. The trial court shall also require the seizing agency to pay to the claimant any loss of income directly attributed to the continued seizure of income-producing property during the trial or appellate process. If the claimant prevails on appeal, the seizing agency shall immediately release the seized property to the person entitled to possession of the property as determined by the court, pay any cost as assessed by the court, and may not assess any towing charges, storage fees, administrative costs, or maintenance costs against the claimant with respect to the seized property or the forfeiture proceeding.
 

 The Legislature also provided for an award of attorney’s fees to claimants if the seizing agency does not prevail and has not acted in good faith:
 

 The court shall award reasonable attorney’s fees and costs, up to a limit of $1,000, to the claimant at the close of the adversarial preliminary hearing if the court makes a finding of no probable cause. When the claimant prevails, at the close of forfeiture proceedings and any appeal, the court shall award reasonable trial attorney’s fees and costs to the claimant if the court finds that the seizing agency has not proceeded at any stage of the proceedings in good faith or that the seizing agency’s action which precipitated the forfeiture proceedings was a gross abuse of the agency’s discretion. ... Nothing in this subsection precludes any party from electing to seek attorney’s fees and costs under chapter 57 or other applicable law. ‘
 

 § 932.704(10), Fla. Stat. (2008).
 

 The conflict cases,
 
 Forfeiture of 1993 Lexus
 
 and
 
 Baggett,
 
 set forth a contrary interpretation of the Act — that the seizing agency must demonstrate the owner’s actual or constructive knowledge at the adversarial preliminary hearing, which takes place in the seizure stage. In
 
 Forfeiture of 1993 Lexus,
 
 798 So.2d at 10, the First District held:
 

 [Establishment of “probable cause to believe that the property was ... used in violation of the Florida Contraband Forfeiture Act” requires, among other things, a preliminary showing of a basis for belief that the owner knew, or should have known after a reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity.
 

 In
 
 Baggett,
 
 the Fifth District agreed with the First District’s conclusion in
 
 Forfeiture of 1993 Lexus
 
 that the seizing agency must make a preliminary showing of innocent owner status at the adversarial preliminary hearing, but disagreed with the quantum of proof required by the First District in determining innocent owner status:
 

 We ... agree with the First District that the seizing agency must make a preliminary showing of innocent owner status at the adversarial preliminary hearing. The First District, in
 
 [Forfeiture of 1993 Lexus
 
 ], established a “basis for belief’ standard in determining innocent owner status at the adversarial preliminary hearing. However, we do not adopt this “basis for belief’ standard because we believe the proper quantum of proof is probable cause. Thus, when an owner requests an adversarial preliminary hearing and asserts she did not know the property was being used in criminal activity, the seizing agency
 
 *188
 
 must show probable cause to believe that the owner knew or should have known, after a reasonable inquiry, the property was employed or was likely to be employed in criminal activity.
 

 Baggett,
 
 4 So.3d at 69.
 

 We conclude that the interpretation of the Act in
 
 Forfeiture of 1993 Lexus
 
 and
 
 Baggett
 
 construes an unambiguous statute in a way that would impermissibly extend its express terms and therefore amount to an abrogation of legislative power.
 
 See Velez,
 
 934 So.2d at 1164-65. The plain and unambiguous language of the Act states that the seizing agency’s burden to prove the owner’s actual or constructive knowledge is applicable only to the forfeiture stage. At the seizure stage, a seizing agency is required to establish only probable cause that the property was used in violation of the Act.
 

 Accordingly, we approve the Third District’s decision in
 
 Gomez
 
 and disapprove the First and Fifth Districts’ decisions in
 
 Forfeiture of1993 Lexus
 
 and
 
 Baggett.
 

 CONCLUSION
 

 The plain language of the Act requires that the seizing agency establish probable cause at the seizure stage of a forfeiture proceeding that the subject property was used in violation of the Act. The Act does not require the seizing agency to establish at the seizure stage that the owner knew, or should have known after a reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity. Based on the foregoing reasoning, we approve the Third District’s decision in
 
 Gomez
 
 and disapprove the First and Fifth Districts’ decisions in
 
 Forfeiture of 1993 Lexus
 
 and
 
 Baggett.
 

 It is so ordered.
 

 CANADY, C.J., and LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 . Sections 932.701 through 932.706, Florida Statutes (2008), constitute the Act. Section 932.703(l)(a) provides:
 

 Any contraband article, vessel, motor vehicle, aircraft, other personal property, or real property used in violation of any provision of the Florida Contraband Forfeiture Act, or in, upon, or by means of which any violation of the Florida Contraband Forfeiture Act has taken or is taking place, may be seized and shall be forfeited subject to the provisions of the Florida Contraband Forfeiture Act.
 

 [2]
 

 . Prior to the 1995 amendments, an “innocent owner” defense to forfeiture was available to claimants under the Act. As explained by this Court in
 
 Department of Law Enforcement v. Real Property,
 
 588 So.2d 957, 961 (Fla.1991):
 

 Owners [were permitted under the pre-1995 Act to] raise a defense only after the property ha[d] been seized, and they [were required to] bear the burden in forfeiture proceedings of proving that they neither knew, nor should have known after a reasonable inquiry, that the property was being used or was likely to be used to commit an enumerated crime.
 

 See also
 
 § 932.703(6)(a), Fla. Stat. (1993) (“No property shall be forfeited under the provisions of the Florida Contraband Forfeiture Act if the owner of such property establishes by a preponderance of the evidence that he neither knew, nor should have known after a reasonable inquiry, that such property was being employed or was likely to be employed in criminal activity.”).