# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**ABHISHEK CHAUDHARY**
**ANDREW AULT**
Indiana Legal Services
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana



FILED

Jun 21 2012, 8:42 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

BYRON CHAN,                          )
                                     )
    Appellant-Defendant,        )
                                     )
        vs.                     )     No. 49A02-1110-MI-1024
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Plaintiff.         )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Theodore M. Sosin, Judge
The Honorable Burnett Caudill, Magistrate
Cause No. 49D02-1003-MI-12990

**June 21, 2012**

**OPINION - FOR PUBLICATION**

**SHEPARD, Senior Judge**

When a shoplifter steals goods priced at $97, does the $7 in sales tax that would have been due if he had purchased the items mean that their "retail value" was $104 such that the forfeiture statutes entitle the State to seize the car the thief used to drive to the scene of the crime?

## FACTS AND PROCEDURAL HISTORY

In February 2010, a loss prevention officer employed by a Menards store in Indianapolis detained appellant Byron Chan after Chan left the store carrying various electronics items (like two garage door remotes and an ear bud case) for which he had not paid. The Menards employee called the Indianapolis Metropolitan Police Department, whose officers came to the store and took Chan into custody.

Aside from whatever proceedings may have occurred under the criminal law, the State filed a complaint seeking forfeiture of the Honda that Chan used in driving to and expected to use in driving away from the store.

After a trial on the merits, the court granted the State's petition. It ordered the vehicle forfeited for the use of the Indianapolis Metropolitan Police Department and sold for the benefit of the Marion County Law Enforcement Fund. This appeal followed.

## ISSUE

Indiana's civil forfeiture statutes provide that a vehicle may be forfeited if it is used or intended to be used to transport any stolen or converted property, "if the retail or repurchase value of that property is one hundred dollars ($100) or more." Ind. Code § 34-24-1-1(a)(1)(B).

DISCUSSION AND DECISION

Unsurprisingly, the Code does not provide a detailed definition of "retail or repurchase value" that answers the question at issue.

Chan argues that the overall legislative scheme for the sales tax treats the tax as an amount separate from the value of the goods purchased. Section 6-2.5-2-1 provides that the sales tax is paid "to the retail merchant as a separate added amount to the consideration in the transaction." And, he cites an ordinary definition of the word "consideration," which is "[s]omething of value." Black's Law Dictionary 300 (7th ed. 1999). He argues that the tax cannot be considered part of the value of the goods inasmuch as it is calculated on the basis of the value of the goods.

The State responds by noting that because merchants must collect sales tax from customers as part of a retail transaction, Ind. Code § 6-2.5-2-1, common understanding would be that the retail sale encompasses both the price of the goods and the amount of the tax. "Retail value" for purposes of the forfeiture statute, says the State, is "effectively the full amount the consumer must pay." Appellee's Br. p. 4.

Forfeitures such as the present case are civil in nature, and the standard of review for claims of insufficient evidence proceeds under the general civil standard. The reviewing court considers the evidence most favorable to the judgment and reverses on evidentiary grounds only if there is a failure of proof. $100 v. State, 822 N.E.2d 1001 (Ind. Ct. App. 2005), trans. denied. Where the issue turns on a question of law, review is de novo. Tankersley v. Parkview Hosp., 791 N.E.2d 201 (Ind. 2003). As the parties do

3

not dispute any of the facts necessarily found by the trial court, the issue here is solely one of statutory interpretation.

Both Chan and the State have advanced entirely respectable interpretations of the forfeiture statute. One says "retail value" is the price of the goods without tax, and the other says most people think of value as how much they had to pay when they purchased the goods.

In the presence of two competing reasonable interpretations, courts construe forfeiture statutes much in the same way they construe statutes creating crimes. Hornbook law says that criminal statutes are construed according to a rule of lenity that serves to protect against creating a crime by mere construction. 8 <u>Indiana Law Encyclopedia</u> Criminal Law § 7 (2004). Likewise, forfeitures are not favored in the law, and statutes authorizing forfeitures are strictly construed. 36 <u>Am. Jur. 2d</u> Forfeitures and Penalties § 8 (2011); <u>see</u> <u>also</u> <u>Gomez v. Vill. of Pinecrest</u>, 17 So. 3d 322 (Fla. Dist. Ct. App. 2009), <u>approved</u>, 41 So. 3d 180 (Fla. 2010); <u>People v. Borash</u>, 354 Ill. App. 3d 70, 820 N.E.2d 74 (Ill. App. Ct. 2004), <u>appeal</u> <u>denied</u>.

Of course, application of this canon leads to the conclusion that "retail or repurchase value" should be read as meaning the price of the goods without the addition of the sales tax due on the transaction.

<u>CONCLUSION</u>

We thus reverse the trial court.

CRONE, J., and BRADFORD, J., concur.

4